ELLEN E. DEAN *vs.* THE TOWN OF SHARON.

First Judicial District, Hartford, March Term, 1900.  ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A plaintiff need not allege a fact which he may not be required to prove in order to establish his right of recovery.

In an action against a town for injuries resulting from a defective highway, the complaint described the defects and alleged that they had "existed for a long time prior" to the date of the acci-

dent. On demurrer to the complaint it was *held* that an allegation that the town knew or had notice of the defect was not essential, since it was open to the plaintiff to establish his case by showing that the defects were of long standing, and that the town's ignorance thereof was due to its own failure to exercise a reasonable supervision of its highways.

The complaint in the present case specified several distinct defects in the highway and alleged that they caused the injury *Held*, upon demurrer, that this description of the cause of the injury was sufficiently definite and precise.

The written notice required by statute (Public Acts of 1895, Chap. 172) to be given to a town, prescribes that it shall contain a "general description" of the injury, of its cause and of the time and place of its occurrence. *Held* that the object of the statute was to afford sufficient information to enable the town authorities to properly investigate the claim ; and that a statement which was reasonably definite in the required particulars was sufficient, notwithstanding its use of other words descriptive of the accident.

A notice describing an injury to the wife only, is not ambiguous or ineffective because signed by her husband also.

Witnesses experienced in the building and repair of highways who examined a highway upon the day of an accident, or when, as appears from other testimony, it was in the same condition, may state whether in their opinion it was then reasonably safe for public travel.

Argued March 6th—decided April 4th, 1900.

ACTION to recover damages for personal injuries claimed to have been caused by a defective highway, brought to the Superior Court in Litchfield County where a demurrer to the complaint was overruled (*George W. Wheeler, J.*), and the cause was afterwards tried to the jury before *Shumway, J.*; verdict and judgment for the plaintiff for $2,000 damages, and appeal by the defendant for alleged errors in the rulings of the court. *No error.*

The following is the part of the statutory notice which describes the injury sustained by Mrs. Dean, the cause thereof, and the time and place of its occurrence : —

" She was tipped or thrown from said sleigh (the same upsetting), and she was thrown or fell with great force and violence upon a rock, striking upon her back, hips, head, spine, and body, and her back, hips, head, spine, and body, were greatly and permanently bruised, strained, injured, and

wrenched, her left hip dislocated, and she was otherwise greatly and permanently injured internally and externally in and upon her back, head, hips, spine, and body.

"The cause of said injury to the said Ellen Elizabeth Dean was the defective condition of said public highway, and obstructions in or nearly therein, then and there being, as follows, *viz:* A ditch, gully, or excavation in or partly in said highway, made by a stream of water running over, along and across the same, and of stones, rocks, and other obstructions and defects in said highway, or partly in and near the same; and while she was passing along said highway said sleigh struck a stone, rock, or hole in or partly therein, causing the said sleigh to upset, and her to be thrown or fall out as aforesaid.

"The place where said injury was received, and where said defective highway causing the injuries and damages as aforesaid, was upon said highway known and called as the River Road, above described, at a point about eighty feet south of a small bridge, the same being the first bridge on said highway southerly of and from the blacksmith shop of the said Theodore W. Dean, and the first bridge on said highway southerly of the highway leading from said River Road, so-called, and said Dean's premises over the Pine Swamp Road, so-called, to the village of Sharon in said town of Sharon.

"This is to notify you that the time when said injury was received was about 7 o'clock in the evening of said March 13th, 1896. This is to notify you that damages for said injuries will be claimed of said town of Sharon.

"Dated at Sharon, Connecticut, May 6th, 1896.

"ELLEN ELIZABETH DEAN,
"THEODORE W. DEAN,
"Plaintiffs.
"by J. H. RORABACK, Atty."

The foregoing notice was made a part of the complaint. The defendant demurred to the complaint, upon the grounds that it contained no allegation that the town or its selectmen

had notice or knowledge of the alleged defects; that it did not properly allege the cause of the plaintiff's injury, and that the statutory notice was insufficient. The court over-ruled the demurrer.

Upon the trial to the jury the plaintiff called as a witness one Holcomb, who, having testified that he had traveled over the highway in question frequently for a number of years, that he had had experience in repairing roads and had repaired this road, and had examined it the day after the accident, and having described its condition at that time, was asked the following question: "What would you say as to whether the highway was reasonably safe for public travel at this point at this time?" To this question the de-fendant objected, upon the ground that the witness was not qualified, and that it was not proper to permit his opinion to go to the jury. The court overruled the objection and ad-mitted the evidence.

The plaintiff introduced as a witness one Cochrane, who, having testified that he was an experienced road-builder, and as selectman had had charge of the building of the roads of the defendant town, and had examined the highway in ques-tion when, as it appeared from other testimony offered by the plaintiff, it was in the same condition as at the time of the accident, was asked whether at the time the witness saw the highway in March after the accident it was in a condition that was reasonably safe for public travel. To this question the defendant objected, upon the ground that the question was indefinite as to form, that the witness, not having seen the road before or at the time of the accident, should not be permitted to give his opinion as to its condition at the time of the accident, and that such opinion was immaterial and inadmissible. The court overruled the objection and per-mitted the question.

The plaintiff called as a witness Dr. Skiff, who, as a phy-sician, treated the plaintiff after the accident. Having tes-tified to the examination he had made and having described the plaintiff's condition and his treatment of her, he was asked whether, if Mrs. Dean had been tipped from the sleigh, strik-

ing upon a rock upon her left side with sufficient force to dislocate her hip, that injury would be such as would produce the condition he then found her in. To this question the defendant objected, upon the ground that it contained elements that did not bear on this case. The court overruled the objection and admitted the question.

The defendant objected to the introduction in evidence of the notice to the selectmen, upon substantially the same grounds as stated in the demurrer, and because it was not a notice of the injury concerning which the plaintiff had offered evidence. The court overruled said objections and admitted said notice in evidence.

The rulings of the court upon the demurrer and upon these questions of evidence, are the reasons of appeal assigned.

*Leonard J. Nickerson* and *Arthur D. Warner*, for the appellant (defendant).

*Donald T. Warner* and *J. Henry Roraback*, for the appellee (plaintiff).

HALL, J. Whether or not, in actions of this character, the injury sustained can properly be regarded as the result of the failure of the town to fulfill the duty imposed by statute—to maintain its highways in a reasonably safe condition for public travel—depends upon the facts peculiar to each case. The location of the highway, the amount of travel over it, the nature and cause of the alleged defect, the length of time it has existed, the knowledge of the town of the defect, and its opportunity, power and means to repair or remove it so as to avert the accident, and the supervision exercised by the town to ascertain the condition of its roads— are subjects the consideration of one or more of which is usually necessary in order to determine the ultimate question of negligence. *Landolt* v. *Norwich*, 37 Conn. 615; *Burr* v. *Plymouth*, 48 id. 460; *Beardsley* v. *Hartford*, 50 id. 529.

The defendant's demurrer to the complaint in the present

action is not properly framed to raise the questions of whether, under the practice in this State, an averment that it was the duty of the town to keep the highway in question in repair and that the alleged defect was caused by its failure to perform that duty, is a sufficient allegation of negligence, or whether the complaint should state all the facts necessary to clearly show the negligence of the town; or whether, if the latter be the rule, it has been complied with in this case.

The claim of the first ground of demurrer is, that the complaint is insufficient because it fails to allege that the town or its selectmen had "any notice or knowledge" of the alleged defects in the highway. The allegations of the complaint are that the town was bound to keep this highway in repair, and that the dangerous defects described existed on the day of the accident "and for a long time prior thereto."

Negligence of a town in failing to repair a dangerous defect in a highway, of the existence of which it had no knowledge, may be shown by proof of the continuance of the defect for a long period of time, and that such ignorance of its existence was due to the failure of the town to exercise a reasonable supervision of its roads. *Manchester* v. *Hartford,* 30 Conn. 118; *Boucher* v. *New Haven,* 40 id. 456; *Davis* v. *Guilford,* 55 id. 351; *Cummings* v. *Hartford,* 70 id. 115, 124. Since it did not appear from the language of the complaint, that in order to show that the town was negligent the plaintiff would be required to prove that it had knowledge or notice of the alleged defects, the complaint was not insufficient because of the absence of such allegation of knowledge. A plaintiff is not required to allege a fact which he may not be required to prove in order to establish a good cause of action.

The complaint contains a sufficient description of the defects in the highway, and of the cause of the injury. It alleges, in effect, that the highway was dangerously defective at a certain definitely described point, by reason of a gully therein extending about eighty feet in either direction from said point and caused by a stream of water running along the highway, which deposited stones and other ob-

structions therein, and that the highway was also defective "at said point and place by reason of large stones, rocks and boulders projecting into the same," and that by reason of the defects thus described the plaintiff's sleigh was overturned at said described point.

A complaint which alleges in one count several distinct defects in a highway as contributing to cause the injury complained of, is not demurrable upon the ground that it contains no proper allegation of the cause of the injury or of the particular defect which caused it. Several acts of negligence may be alleged in the same count as the causes of one injury, and the plaintiff may recover upon proof of all or of any of them. *Carstesen* v. *Stratford*, 67 Conn. 428, 436; *Ashborn* v. *Waterbury*, 70 id. 551, 556.

The remaining grounds of demurrer relate to the sufficiency of the notice. It is claimed to be defective by reason of being too indefinite, as not containing "a definite and intelligible statement of any distinct cause of the injury," and as not containing "a statement of any defect in the highway which caused the sleigh . . . to overturn."

The time and place of the accident and of the location of the defects in the highway are definitely described in the notice, and we think it contains a sufficient description of the injury and the cause thereof to meet the requirements of the statute and serve the purpose of such a notice—that of giving sufficient information to enable the town authorities to properly investigate the claim. *Gardner* v. *New London*, 63 Conn. 267, 272; *Rowell* v. *Stamford Street R. Co.*, 64 id. 376; *Budd* v. *Meriden Electric R. Co.*, 69 id. 272, 285.

Section 2673 of the General Statutes required a written notice of the injury "and the nature and cause thereof, and of the time and place of its occurrence." Chapter 172 of the Public Acts of 1895, p. 534, which was the law in force at the time of the plaintiff's injury, provides for a written notice of the injury, "and a *general description* of the same, and the cause thereof, and of the time and place of its occurrence."

The statement in the notice, that the highway was defect-

ive at the described point by reason of a gully therein caused by a stream of water running over it, and by reason of stones and rocks at the described point, that the sleigh was overturned by running upon a stone, or into a hole, and that Mrs. Dean was thrown upon her back and head upon a rock, and her left hip dislocated, and her back and head injured,— is a sufficient general description of the injury and the cause of it, notwithstanding the use of the other words in the notice descriptive of the injury and its cause.

As the notice manifestly purports to contain only a description of an injury sustained by Mrs. Dean, it is not rendered ambiguous or ineffective because her husband signed it with her.

The trial court properly overruled the demurrer and admitted the notice in evidence as descriptive of the injury proved at the trial.

The rulings of the court admitting the testimony of the witness Holcomb, and admitting the testimony of the witness Cochrane, after evidence had been offered showing that when the latter examined the road it was in the same condition as at the time of the accident, are clearly sustained by *Taylor* v. *Monroe*, 43 Conn. 36, 45, *Sydleman* v. *Beckwith*, ibid. 12, *Ryan* v. *Bristol*, 63 id. 26, and other decisions of this court.

The objection to the testimony of Dr. Skiff is not pursued in the defendant's brief. We discover no error in the ruling of the court permitting the question which was asked this witness.

There is no error.

In this opinion the other judges concurred.