## MANLEY *v.* PARK.

ERROR TO THE SUPREME COURT OF THE STATE OF KANSAS.

No. 120. Argued December 17, 1902.—Decided January 5, 1903.

The construction given by the Supreme Court of Kansas to the Kansas statutes holding that real estate situated in that State, the title to which was vested in a non-resident executor, to whom letters testamentary had been issued by a court of another jurisdiction, may be attached and sold in an action of debt against the non-resident executor, is binding on this court. And, treating the statutes as having such import as a decision upon a matter of local law, this court must determine whether as so construed they violate the Federal right involved.

A domestic judgment of a state court entered after the defendant had appeared generally and whose validity it would have been the duty of this court to uphold on direct proceedings to obtain a reversal thereof, should be treated by courts of the United States so far as it relates to Federal questions which existed at the commencement of the action, as valid between the parties to the judgment, and if no claim to the protection of the Constitution of the United States was set up in any form in the proceedings had in the state court prior to judgment, such protection cannot be invoked for the first time in this court to annul the judgment on the ground that it is absolutely void and of no effect under the Constitution of the United States.

A Federal defence which cannot be availed of unless raised before judgment is not efficacious, when it has not been raised at the proper time, to avoid the judgment when rendered.

RICHARD A. PARK was plaintiff in the original action, brought in the District Court of Atchison County, Kansas, against William H. Risk, executor of the estate of George Manley, deceased. It was alleged in the petition, in substance, that the decedent was at the time of his death the owner of stock of the par value of $27,500, in a Kansas corporation, known as the Kansas Trust & Banking Company; that said corporation, subsequent to the death of Manley, became indebted to plaintiff; that the corporation was insolvent and had no property from which such indebtedness could be realized; that the defendant, as executor of the estate of Manley, became seized and possessed of all the property of the decedent within the State of Kansas, including the shares of stock referred to, and, by reason of a contractual liability imposed on the stockholders of said corporation, defendant was liable to plaintiff for the indebtedness in question. There was filed with the petition an affidavit for attachment, because of the non-residence of the defendant, and after the return of the summons an attachment was levied on certain real estate in Atchison County, Kansas, "as the property of said defendant William H. Risk, executor of the estate of George Manley, deceased." Publication of notice of the pendency of the action was made, as required by laws of Kansas. Within the time limited for answering the defendant appeared generally by filing a demurrer to the petition on the grounds of a want of jurisdiction over the person of the defendant and the subject of the action, because several causes of action were improperly joined, and because the petition did not state facts sufficient to constitute a cause of action. Thereafter, Reuben A. Manley, successor to William H. Risk, as executor and trustee of the estate of George Manley, deceased, was substituted as defendant in the stead of Risk. An answer was thereupon filed, in which most of the material averments of the petition were admitted, such as the ownership by George Manley in his lifetime of the stock in question; the execution of his last will and testament; its admission to probate and the grant of letters testamentary to Risk and to his successor by a New Jersey orphans' court; that Risk and his successor "became seized and possessed of all the property of the late George Manley, de-

ceased, lying and being situated in the State of Kansas," and that the substituted defendant (Reuben M. Manley) " became and is now a stockholder of the said, The Kansas Trust & Banking Company, and as such executor of said estate is the owner and holder of said shares of stock of said corporation, amounting to the sum of $27,500." Separate defences were interposed to defeat recovery, such as that plaintiff had not reduced his claim against the Kansas corporation to judgment, that there was a defect of parties plaintiff, that a special fund created by the Kansas corporation for the payment of the indebtedness in question existed, and should first be exhausted, and that various actions were pending in which recovery was sought by judgment creditors of said Kansas corporation, upon the liability of defendant as a stockholder in said corporation.

Issue was joined by the filing of a reply, the cause was tried by the court, judgment for the amount claimed was rendered against the defendant, and the attached real estate was ordered sold. The cause was taken to the Supreme Court of Kansas, and that court dismissed the petition in error because of an informality in the proceedings and without passing on the merits. 61 Kansas, 857. After the mandate had been filed in the lower court separate motions were made on behalf of defendant, to set aside the judgment and to withdraw the order for the sale of the attached property. The same grounds were assigned in support of each motion, and the claim of the protection of the Constitution of the United States was embodied in the third ground, by the assertion that a statute of Kansas, upon which the judgment complained of was based, violated the first and second sections of the fourth article of and the provisions of the Fourteenth Amendment to the Constitution of the United States. The motions were overruled, and the " decision and judgment " was subsequently affirmed by the Supreme Court of Kansas. 62 Kansas, 553. By writ of error the cause was then brought to this court. The original defendant in error having died, Anna O. Park has been substituted as defendant in error.

*Mr. L. F. Bird* for plaintiff in error. *Mr. C. F. Hutchings* was with him on the brief.

*Mr. J. F. Tufts* for defendant in error. *Mr. Horace M. Jackson* was with him on the brief.

Mr. JUSTICE WHITE, after making the foregoing statement, delivered the opinion of the court.

A motion has been made to dismiss the writ of error upon the ground that no Federal question is presented by the record, it being claimed that the decision and judgment of the Supreme Court of Kansas sought to be reviewed was based solely upon a consideration of local statutes and the determination of a question of general law, viz., the effect as *res judicata* of a judgment of a court of Kansas. But as the claim of the benefit of the Constitution of the United States was specially made in the motions and was passed upon adversely to the moving party, it follows that a Federal question exists in this record, and the motion to dismiss is therefore overruled. *Missouri, Kansas &c. Ry. Co.* v. *Elliott*, 184 U. S. 530, 534.

The specifications of error now relied upon are thus stated in the brief of counsel for plaintiff in error :

" First. Under the constitution and laws of the State of Kansas, an executor, resident in the State of Kansas, could be sued in a District Court of the State, but the property in his charge could not be attached, nor sold on execution.

" Second. Under the constitution and statutes of the State of Kansas, no authority exists for attaching the property in charge of a non-resident executor.

" Third. Section 203 of the executors' and administrators' act, par. 2989, Gen. Stat. Kansas, 1889, as construed and upheld in this case, is in violation of sec. 2, art. 4, of the Constitution of the United States, in that it does not accord to the plaintiff in error and his predecessor, citizens of the State of New Jersey, all the privileges and immunities of an executor resident in the State of Kansas. Sec. 2, art. 4, Const. U. S.

" Fourth. Sec. 203 of the executors' and administrators' act, par. 2989, Gen. Stat. Kansas, 1889, as construed and upheld in this case, is in violation of the Fourteenth Amendment to the Constitution of the United States, in that it abridges the privileges

of the plaintiff in error and his predecessor, citizens of the United States, and their immunity from suit by attachment, and deprives them of their property without due process of law, and denies them the equal protection of the laws.

"Fifth. The right of the plaintiff in error, and his predecessor, citizens of the State of New Jersey, to act as executors of the estate of George Manley, deceased, is a privilege, and the exemption of an executor, not a resident in the State of Kansas, from suits by attachment, is an immunity which is guaranteed by sec. 2, art. 4, Constitution of the United States, and the same were denied by the decision of the Supreme Court of Kansas in this case."

The first and second propositions, it is manifest, simply invite a consideration of the constitution and laws of the State of Kansas; and, consequently, the construction adopted by the Supreme Court of Kansas of the pertinent provisions of such constitution and laws, is binding upon this court as a decision upon a matter of purely local law, not presenting a Federal question. We must accept then as undeniable the ruling of the highest court of Kansas, that under the constitution and statutes of Kansas real estate situated in that State, the title to which was vested in a non-resident executor, to whom letters testamentary had been issued by a court of another jurisdiction, might be attached and sold, in an action of debt against the non-resident executor.

The remaining propositions assail the validity, under the Constitution of the United States, of the statute of Kansas, par. 2989, Gen. Stat. Kansas, 1889; sec. 147, ch. 107, Gen. Stat. Kansas, 1897, as thus construed by the Supreme Court of Kansas. The section in question upon which the judgment complained of was based is as follows:

"An executor or administrator duly appointed in any other State or country may sue or be sued in any court in this State, in his capacity of executor or administrator, in like manner and under like restrictions as a non-resident may sue or be sued."

This section was held to authorize an attachment of property in an action against a non-resident executor, precisely as in ordinary actions against non-residents.

Now, the claimed nullity of the judgment assailed was based upon the alleged invalidity of the Kansas statute above quoted, as respected the Constitution of the United States, in this, that as an executor resident in Kansas possessed the privilege or' immunity of not being subject to suit by attachment of prop-erty, a like privilege or immunity within the State of Kansas was vested by the Constitution of the United States in execu-tors who were not residents of Kansas, and the refusal of the State of Kansas to accord such privilege or immunity to a non-resident executor and the subjecting him to the operation of attachment laws, deprived the foreign executor of his property without due process of law and denied him the equal protection of the laws. But, it is obvious, we think, under the circum-stances disclosed in this record, that the protection of the Con-stitution of the United States could not be successfully invoked to annul the judgment here complained of, on the theory that such judgment was absolutely void and of no effect under the Constitution of the United States. This results from the con-sideration that no claim to the protection of the Constitution of the United States was set up in any form in the proceedings had in the state court which resulted in the judgment com-plained of, and for such reason, if that judgment had been brought to this court for review, it would have been its duty —having in mind the provisions of section 709 of the Revised Statutes—to affirm the judgment and recognize its binding force, because no Federal question was raised. A domestic judgment of a state court whose validity it would have been the duty of this court to uphold, on direct proceedings to ob-tain a reversal of such judgment, manifestly should be treated by courts of the United States, so far as relates to Federal questions which existed at the time the action was commenced in which the judgment was rendered, as valid between the parties to such judgment. We could not hold to the contrary without saying that a Federal defence which could not be availed of unless raised before judgment was yet efficacious, although not raised, to avoid the judgment when rendered. This would necessarily declare a plain contradiction in terms. As the au-thority conferred by Kansas upon her courts was to set aside

*void* judgments, provisions of the Constitution of the United States which would have been available if pleaded or otherwise presented in the state courts as a defence in the proceedings in the original action to defeat the recovery of a valid judgment, cannot, when the opportunity has not been availed of and the judgment has become a finality, be resorted to as establishing that in fact the judgment possessed no binding force or efficacy whatever.

*Judgment affirmed.*