TOWN OF WATERFORD v. ELSON.

(Circuit Court of Appeals, Second Circuit. November 15, 1906.)

No. 26.

1. COURTS — JURISDICTION OF CIRCUIT COURT OF APPEALS — JURISDICTIONAL QUESTIONS.

Under section 6 of the act creating the Circuit Courts of Appeals (Act March 3, 1891, c. 517, 26 Stat. 828 [U. S. Comp. St. 1901, p. 549]) an appeal or writ of error does not bring before such court for review the question of the jurisdiction of the court below.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 1099.

Jurisdiction of Circuit Court of Appeals in general, see Lau Ow Bew v. United States, 1 C. C. A. 6; United States v. Freehold Land and Emigration Co. v. Gallegos, 32 C. C. A. 475.]

**2. HIGHWAYS—INJURIES FROM DEFECTS—ACTION AGAINST TOWN—NOTICE UNDER CONNECTICUT STATUTE.**

Under Gen. St. 1902, Conn. § 2020, which requires as a condition precedent to the maintenance of an action against a town to recover for an injury caused by a defective highway that a written notice shall be served on a selectman of the town within 60 days after such injury, which shall contain "a general description of the same and of the cause thereof and of the time and place of its occurrence," as construed by the highest court of the state, a notice describing the cause of the injury as the limb of a tree extending over the highway at a dangerously low height, and, the place as "on the Great Neck Road, so called, near the Hedden place, so called, in said town of Waterford," is sufficient in respect to the place.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Highways, § 515.]

**3. ABATEMENT AND REVIVAL—RIGHTS OF ACTION WHICH SURVIVE—REMEDIAL OR PENAL ACTIONS.**

Gen. St. 1902, Conn. § 2020, giving a right of action against a town to recover damages caused by a defective highway, is not penal within the meaning of Acts 1903, p. 149, c. 193, § 3, which excepts from causes of action which survive "any civil action upon a penal statute," but is remedial in that it is intended to afford compensation to the party injured and the cause of action survives to his executor or administrator under the general provisions of section 1 of said chapter.

In Error to the Circuit Court of the United States for the District of Connecticut.

Writ of error from the United States Circuit Court for the District of Connecticut, which sustained plaintiff's demurrer to defendant's plea in abatement, overruled its demurrers and motions in arrest of judgment and for judgment notwithstanding verdict, and rendered judgment on verdict in favor of plaintiff.

The opinions of the court below are reported in 138 Fed. 1004. See 140 Fed. 800.

D. G. Perkins, for plaintiff in error.

W. S. Schutz, for defendant in error.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

TOWNSEND, Circuit Judge. The plaintiff, as administrator, brought this action to recover damages for death of his intestate caused by injuries alleged to have resulted through a defective highway, under section 2020 of the General Statutes of Connecticut 1902. Said section provides as follows:

"Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair; but no action for any such injury shall be maintained against any town, city, corporation, or borough, unless written notice of such injury and a general description of the same, and of the cause thereof, and of the time and place of its occurrence, shall, within sixty days thereafter, * * * be given to a selectman of such town."

Defendant appeared and pleaded in abatement of the writ, on the ground that the copy was not attested by the officer who served it. The plaintiff replied that the copy was served by the marshal, and was attested by the clerk of the Circuit Court to be a true copy of the writ and complaint. To this replication defendant demurred.

The question thus raised is a jurisdictional one. A majority of the court is of the opinion that under the construction adopted in this Circuit of the fifth and sixth sections of the Evarts act the question of the jurisdiction of the court below is not before us for review. U. S. v. Lee Yen Tai, 113 Fed. 465, 51 C. C. A. 299; Fisheries Co. v. Lennen, 130 Fed. 533, 65 C. C. A. 79. See, also, Sun Printing & Pub. Co. v. Edwards, 194 U. S. 377, 24 Sup. Ct. 696, 48 L. Ed. 1027. Thereafter the defendant demurred to the complaint, on the ground that the notice given by plaintiff did not describe the place of the injury with the certainty required by said statute.

The material portions of said notice are as follows:

"To the Selectmen of the Town of Waterford in the State of Connecticut: I hereby give notice that as administrator of the estate of Jacob Elson, deceased, I have a claim for damages amounting to twenty thousand dollars against said town of Waterford for negligence on the part of said town which resulted in the injury of the said Jacob Elson on the sixteenth day of September, 1903, and in his death. * * * [Here followed a statement of the injuries.] These injuries were caused by the negligence of said Town in permitting and allowing at that time and for a long time prior thereto the limb of a tree to extend out over the highway at a dangerously low height which said limb struck the said Elson who was driving along said highway and hurled him to the ground inflicting the injuries aforesaid. The time said injuries were inflicted was about 7:30 a. m., September 16th, 1903. The place was on the Great Neck Road so-called near the Hedden Place so-called, in said town of Waterford."

The courts of the state of Connecticut, construing the provisions of said section as to notice, have held that its purpose is "that of giving sufficient information to enable the town authorities to properly investigate the claim." Dean v. Sharon, 72 Conn. 667, 673, 45 Atl. 963. In Breen v. Cornwall, 73 Conn. 309, 312, 47 Atl. 322, the place of the injury was described as the road "familiarly called the 'Cook Road,' near the ruin of an old house, we were thrown out of our wagon on that ledge of rocks in the road." The notice was held sufficient. There the court said:

" 'The sufficiency of the notice is to be tested with reference to the purpose for which it is required. If sufficient for that purpose it is a good notice.' Budd v. Meriden Electric R. Co., 69 Conn. 272, 285, 37 Atl. 683. The place, cause, and nature of the injury are sufficiently stated in the notice when they are 'truly described with such a reasonable degree of certainty that ordinary men in the exercise of ordinary intelligence under the circumstances can learn from the notice the nature of the injury, and be able to ascertain by the use of ordinary diligence the place where it occurred and the cause that occasioned it.' Gardner v. New London, 63 Conn. 267, 272, 28 Atl. 42; Budd v. Meriden Electric R. Co., supra; Dean v. Sharon, 72 Conn. 667, 674, 45 Atl. 963.

Much reliance is placed by defendant upon the case of Biesiegel v. Seymour, 58 Conn. 43, 19 Atl. 372. There the place was described as "a place in and upon said road near the former residence of Lyman Clinton," and the notice was held to be insufficient.

But it appears from the opinion of the court in said case that "no reference is made in the notice to any visible object to mark the place where the accident happened." See, also, Lilly v. Town of Woodstock, 59 Conn. 219, 22 Atl. 40.

In the case at bar counsel for defendant has assumed that the no-

tice was necessarily insufficient upon its face. In this respect we think he was in error. Here there was notice of a visible object to mark the place, the limb of a tree. It does not appear, and is not to be presumed, that there were limbs from other trees thus extending out over the highway at a dangerously low height on said road near the Hedden Place, nor that there were any other trees near said place, nor that, for any other reason, the notice failed to contain "for all the practical purposes to be subserved * * * a reasonably sufficient general description of the * * * place of occurrence." Wood v. Stafford Springs, 74 Conn. 437, 441, 51 Atl. 129. We think, in view of the peculiar conditions existing in Biesiegel v. Seymour, supra, and of the later decisions of the Supreme Court of Connecticut construing said statute, that this demurrer was properly overruled.

A more serious question is presented by the defendant's motion for judgment veredicto non obstante, on the ground that:

"Upon the facts alleged in said complaint, said action is based on section 2020 of the General Statutes of the state of Connecticut 1902, and is a penal action, and under the laws of the state of Connecticut, and especially chapter 193 of the Public Acts of 1903, the cause of action set forth in said complaint did not survive to and does not exist in favor of the administrator of said Jacob Elson."

Section 2020 is as follows:

"Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair."

The material portions of said chapter 193, p. 149, are as follows:

"Sec. 1. No cause or right of action shall be lost or destroyed by the death of any person, but shall survive in favor of or against the executor or administrator of such deceased person. * * *"

"Sec. 3. The provisions of this act shall not apply to any cause or right of action or to any civil action or proceeding the purpose or object of which is defeated or rendered useless by the death of any party thereto; nor to any civil action or proceeding whose prosecution or defense depends upon the continued existence of the persons who are plaintiffs or defendants; nor to any civil action upon a penal statute.

"Sec. 4. In all actions surviving to or brought by an executor or administrator for injuries resulting in death, whether instantaneous or otherwise, such executor or administrator may recover from the party legally in fault for such injuries just damages not exceeding five thousand dollars; provided, that no action shall be brought upon this statute but within one year from the neglect complained of. * * *"

"Sec. 6. Sections 1094 and 1131 of the General Statutes and all acts and parts of acts inconsistent herewith are hereby repealed."

Section 1094 provided as follows:

"The executor or administrator of any person whose death shall have been caused by negligence, may recover of the party legally in fault just damages, not exceeding five thousand dollars."

Section 1131 provided that:

"No civil action or proceeding shall abate by reason of the death of any party thereto, but may be continued by or against the executor or administrator of such decedent. * * * The provisions of this section shall not apply to any civil action or proceeding the purpose or object of which is defeated or rendered useless by the death of any party thereto; nor to any civil action or proceeding whose prosecution or defense depends upon the continued exist-

ence of the persons who are plaintiffs or defendants; nor to any civil action upon a penal statute."

In Reed v. Northfield, 13 Pick. 94, 23 Am. Dec. 662, the Supreme Court of Massachusetts considered a statute giving a cause of action against a town for injuries resulting from a defective highway, and held as follows:

"In the present case we think the action is purely remedial, and has none of the characteristics of a penal prosecution. All damages for neglect or breach of duty operate to a certain extent as punishment; but the distinction is that it is prosecuted for the purpose of punishment, and to deter others from offending in like manner. * * * It appears to us * * * that in form and substance it is a remedial action."

This case is cited with approval in Huntington v. Attrill, 146 U. S. 657, 13 Sup. Ct. 224, 36 L. Ed. 1123, where the Supreme Court says:

"The true test is whether the main purpose of the statute is the giving of compensation for an injury sustained or the infliction of a punishment upon the wrongdoer."

To the same effect is the decision in Boston & Maine Railroad v. Hurd, 108 Fed. 116, 47 C. C. A. 615, 56 L. R. A. 193, where, however, as in Huntington v. Attrill, supra, the question was not one of survival of action, but of the power of a court to enforce the penal law of a foreign state.

But it is argued that the Supreme Court of Connecticut, in the recent case of Bartram v. Sharon, 71 Conn. 686, 43 Atl. 143, 46 L. R. A. 144, 71 Am. St. Rep. 225, has decided that section 2020 is a penal statute. The construction by the state court of the statute of its state is binding upon this court. Manley v. Park, 187 U. S. 547, 551, 23 Sup. Ct. 208, 47 L. Ed. 296. Bartram v. Sharon, supra, referred to the act in question as a penal one, and, inter alia, said as follows:

"Such an act should not be extended by construction beyond the plain meaning of its words. The liability of the towns is to pay a penalty. In Moulton v. Sanford, supra (page 129 of 51 Me.), the court in speaking of a similar statute, Davis, J., delivering the opinion, says: 'The statute is in its nature penal, as well as remedial, and ought to be construed strictly.' Perhaps this modification should be added: In respect to its penal provisions. The duty to repair is mainly remedial."

See, also, Makepeace v. Waterbury, 74 Conn. 360, 50 Atl. 876; Upton v. Windham, 75 Conn. 288, 53 Atl. 660; Lavigne v. New Haven, 75 Conn. 693, 55 Atl. 569.

An examination of the decisions of the Supreme Court of Connecticut bearing on this question has satisfied us that there is no necessary conflict between the views of that court and of the Supreme Court of the United States and other courts, quoted above, as to the construction of the statute in question. We think the apparent conflict arises from the fact that the word "penal," as applied in such cases, has a double meaning. It is penal in the sense that it imposes a penalty measured by the actual injury and is to receive a strict construction. It is remedial as affording compensation to the party injured. In none of the Connecticut cases cited above was the question of survival at

issue. In Upton v. Windham, supra, Judge Hamersley, who wrote the opinion in Bartram v. Sharon, supra, says:

"The precise point decided in that case was this: 'A traveler upon a highway cannot be injured through a defect in a highway, * * * when the culpable negligence of a fellow traveler is a proximate cause of his injury.'"

The statutes which are penal, so far as concerns the question of survival, are those where the primary object is to inflict punishment on the wrongdoer, such as that imposing penalties for failure of a corporation to file annual reports, as in Mitchell v. Hotchkiss, 48 Conn. 9, 40 Am. Rep. 146, or qui tam actions for a prescribed penalty. Thus, in Plumb v. Griffin, 74 Conn. 132, 50 Atl. 1, the action was brought on a statute which provided that every person who cuts trees or timber on the land of another without his license shall pay to the party injured $2 for every tree of one foot in diameter, etc. The statute of Connecticut provided that no suit for any forfeiture upon any penal statute should be brought but within one year next after the commission of the offense. The court, reviewing the authorities at great length, held that a statute which gives no more than a right of action to the party injured to recover increased damages is not a penal statute. Various cases cited in the case of Plumb v. Griffin, supra, indicate that if the question as to the character of a statute, such as the one here in question, were raised in the Connecticut court, it would hold that the right of action on such a statute was one which survived to the executor. And in Burr v. Town of Plymouth, 48 Conn. 460, 473, the court says, referring to the defective highway statute:

"The object of the statute was not to punish towns for misconduct, but to furnish a remedy to a party injured through a defect in a highway which it is made the duty of the town to keep in repair. And the whole object of the statute was to furnish a means whereby the party injured might obtain compensation for any injury he might receive, without fault on his part, by reason of any defect in the highway."

Even if it be assumed, however, for the purpose of this inquiry, that the statute is a penal one, we think that it could not have been the intention of the Legislature of the state of Connecticut, by the act of 1903, quoted above, to destroy the right of action for death caused by negligence in cases of this character. The general right of recovery was first granted in 1848, and has been continued in every subsequent revision of the statutes, and has become a part of the settled policy of the state. We think that such an unbroken course of legislation for nearly 60 years is so persuasive of the legislative intent that it ought not to be nullified by the general language used in the act of 1903.

A comparison of the statutes cited above supports the correctness of this conclusion. The sections repealed, giving the right of action to the representative of a deceased person, and providing that no civil action shall abate by reason of the death of any party thereto, are practically re-enacted in the provisions of the act of 1903, which was a substitute therefor. Section 4 may be treated in connection with section 1 as a broader and more comprehensive statute than section 1094, which it repealed. We think that, taken together, they may be fairly interpreted as declaring that every right of action for injuries resulting in death shall survive in favor of the executor or administrator

of such deceased person, and that he may recover for such injuries; but that where an action is brought, not for the recovery of compensation for such injuries, but upon a statute which is penal in the sense that its main object is to inflict a punishment upon the offender, such action does not survive.

In these circumstances we think the court below rightly disposed of the preliminary questions raised as above, and we should not feel justified in disturbing the verdict after a trial upon the merits.

The judgment is affirmed.