In re FLOYD & HAYES.

Ex parte AMERICAN AGR. CHEMICAL CO.

(District Court, E. D. South Carolina. July 12, 1915.)

1. COURTS ⊙⟳365—UNITED STATES COURTS—FOLLOWING STATE DECISIONS.
   Federal courts are bound to assume that, when a question arose in a state court, it was thoroughly considered by that tribunal, and that the decision rendered by it embodied its deliberate judgment.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 950, 952, 955, 969–971; Dec. Dig. ⊙⟳365.]

2. COURTS ⊙⟳366—UNITED STATES COURTS—FOLLOWING STATE DECISIONS.
   Unless some federal question is involved, the interpretation placed upon a state statute by the highest appellate tribunal of the state is binding and conclusive upon all federal courts, including the United States Supreme Court.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 954–957, 960–968; Dec. Dig. ⊙⟳366.]

3. COURTS ⊙⟳368—UNITED STATES COURTS—FOLLOWING STATE DECISIONS.
   It is the duty of a federal court to follow the latest decision of the state court, though it may differ from prior decisions of that court, and though the federal court may have previously come to a different conclusion.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. § 951; Dec. Dig. ⊙⟳368.]

4. ASSIGNMENTS ⊙⟳98—VALIDITY—NECESSITY OF RECORDING.
   Under the recording act of South Carolina (Civ. Code 1912, § 3542), as interpreted by the Supreme Court of that state, assignments of notes, mortgages, and open accounts as collateral security for a debt were not required to be recorded, to be valid as against subsequent creditors or purchasers.
   [Ed. Note.—For other cases, see Assignments, Cent. Dig. § 176; Dec. Dig. ⊙⟳98.]

In Bankruptcy. In the matter of Floyd & Hayes, bankrupts. On petitions to review an order of the referee relative to the claim of the American Agricultural Chemical Company. Order approved and confirmed in part, and disapproved and overruled in part.

Willcox & Willcox, of Florence, S. C., for trustee in bankruptcy.

Sellers & Moore, of Dillon, S. C., for claimant.

SMITH, District Judge. This matter comes up for a hearing upon two petitions to review an order made by the referee in bankruptcy herein on the 3d day of March 1915, holding that the assignment of certain notes and mortgages made by the bankrupt to the American Agricultural Chemical Company were good, although the assignments were not recorded, and holding, also, that the assignment of certain accounts made by the bankrupt to the American Agricultural Chemical Company were not good, because neither the agreement to assign the same nor the assignments had been recorded.

From the facts it appears that the American Agricultural Chemical Company, a company carrying on a fertilizer manufacturing and selling business in the state of South Carolina, entered into a written

agreement with the bankrupts, Floyd & Hayes, dated January 14, 1914, whereby the American Agricultural Chemical Company, agreed to furnish or ship to Floyd & Hayes certain fertilizers at an agreed price; Floyd & Hayes agreeing on May 1, 1914, to pay or deliver to the American Agricultural Chemical Company all cash received on sales of the fertilizers so shipped to them, and also to deliver all the notes and mortgages that they had taken from purchasers of the fertilizers, and to assign all accounts that were due from the purchasers of the fertilizers for the gross amount of the time sales of the same as made by Floyd & Hayes. It was further agreed that all fertilizers shipped to Floyd & Hayes, as well as all notes, accounts, cash, or cash proceeds from the sale of such fertilizers, which might at any time be in their possession or in the possession of their representative, should remain the property of the American Agricultural Chemical Company, to be held by Floyd & Hayes as their agents in trust for the payment of their obligations to the Chemical Company for the fertilizers shipped at the agreed price, the title thereto not to pass from the Chemical Company to Floyd & Hayes until their obligations to the Chemical Company were paid.

Pursuant to this contract the American Agricultural Chemical Company shipped and delivered to the bankrupts fertilizers of the value of $9,358.16, which fertilizers Floyd & Hayes sold and disposed of to their customers. This agreement was not recorded. On June 20, 1914, and more than four months prior to the filing of the petition in bankruptcy herein, Floyd & Hayes executed and delivered to the American Agricultural Chemical Company an assignment of all the notes, mortgages, and open accounts taken by them from the purchasers of the fertilizers so shipped to them and representing the proceeds thereof. The notes and mortgages were actually turned over to the American Agricultural Chemical Company, but in the case of the open accounts there was turned over to the Chemical Company a list, with a written assignment of all these accounts; that being the only delivery which, from the nature of the case, was possible, there being no other written evidence of the indebtedness which Floyd & Hayes could turn over to the American Agricultural Chemical Company. About September 1, 1914, the notes and mortgages and assigned accounts were returned by the American Agricultural Chemical Company to Floyd & Hayes for collection, and a trust receipt given by Floyd & Hayes to the American Agricultural Chemical Company, stating that they had received all such from it for the purpose only of collection and remitting the proceeds to the American Agricultural Chemical Company. The bonds and mortgages and accounts so assigned were under the agreement of January 14, 1914, in effect collateral security for the obligations of Floyd & Hayes to the Chemical Company for the fertilizers at the agreed price. Floyd & Hayes were on the 1st day of January, 1915, adjudicated bankrupts in this court on their own petition.

At the first meeting of the creditors, which was held on the 18th day of January, 1915, the American Agricultural Chemical Company offered for proof its claim against the bankrupt estate for $7,381.-

98, claiming to hold as security for the debt the open accounts, notes, and chattel mortgages assigned to it as before recited, and alleging that the value of the security did not exceed $1,800, and asking that the value of the security be fixed and its claim be allowed as unsecured at the difference between the value of the security held by it and the amount due it by the bankrupts. The allowance of this claim was objected to by certain other creditors, and also by the trustee, on the ground that the alleged assignments were invalid under the laws of the state of South Carolina as against the trustee in bankruptcy and the creditors of Floyd & Hayes, because neither the assignments nor the agreement to assign had been recorded in the office of the clerk of the court for Dillon county, the county of the residence of the bankrupts; and said objecting creditors also moved that the American Agricultural Chemical Company be required to surrender to the trustee all proceeds collected by Floyd & Hayes on the assigned accounts, notes, and mortgages and paid to the Chemical Company, as well as the notes and mortgages and accounts so held by the Chemical Company, to be collected by the trustee for the benefit of the general estate of the bankrupts.

Upon this application and objection the referee ruled that the notes and mortgages, having been actually assigned and delivered to the American Agricultural Chemical Company, were in its possession from the time of assignment until they were returned to the bankrupts for the purpose of collection, and that under the law of South Carolina the assignments of notes and mortgages were not necessary to be recorded, and therefore the assignments of those notes and mortgages to the American Agricultural Chemical Company were valid against all parties under the decision made by the Supreme Court of South Carolina in Bank v. Greenville, 97 S. C. 299, 81 S. E. 634. The referee also ruled, however, with regard to the open accounts, that the same rule did not apply. He based this ruling upon the decision of the Circuit Court of Appeals of the United States for the Fourth Circuit in the case of Townsend v. Ashepoo Fertilizer Company, reported 212 Fed. 97, 128 C. C. A. 613, which holds such an assignment to be a transaction in the nature of a mortgage, and necessary to be recorded under the provisions of the recording act of South Carolina. Civ. Code 1912, § 3542. It will be thus seen that the decision in the present controversy depends upon the question whether or not the decision of the Supreme Court of the state of South Carolina in Bank v. Greenville is to be held as controlling upon this court in this matter, or whether the decision of the Circuit Court of Appeals of this circuit in the case of Townsend v. Ashepoo Fertilizer Company is to be held as controlling.

The two decisions are irreconcilable. In the case of Townsend v. Ashepoo Fertilizer Company the Circuit Court of Appeals for this circuit held that accounts or debts were embraced within the meaning of the word "property," and as such, when assigned by way of security, they were included within the operation of the statute of the state of South Carolina requiring mortgages of all personal property to be recorded. In the case of Bank v. City of Greenville, 97 S. C.

291, 81 S. E. 634, the Supreme Court of South Carolina came to exactly the opposite conclusion, holding that the assignment of choses in action is not embraced within the provisions of the recording acts of the state of South Carolina, and is not required by those acts to be recorded, and that the assignment by way of security of a chose in action in that case was valid, although not recorded. The decision in the Townsend Case by the Circuit Court of Appeals for the Fourth Circuit was filed February 6, 1914, and was prior to the decision of the Supreme Court of the state in the case of Bank v. City of Greenville, which was not filed until April 29, 1914.

[1] Whether or not the case decided in the Circuit Court of Appeals was drawn to the attention of the Supreme Court of South Carolina does not appear, as it is not mentioned in the decision in the case; but it is not material in considering the effects of that decision, any more than it is material to consider whether or not the Circuit Court of Appeals considered the prior decisions rendered by the Supreme Court of the state of South Carolina, and referred to by it in its last decision, and which are not mentioned in the decision of the Circuit Court of Appeals for this circuit. All federal courts are bound to assume that when the question arose in the state court it was thoroughly considered by that tribunal, and that the decision rendered embodied its deliberate judgment. Cross v. Allen, 141 U. S. 539, 12 Sup. Ct. 67, 35 L. Ed. 843; Southern Ry. v. N. C. Corp. Com. (C. C.) 99 Fed. 165.

[2, 3] It appears that there is a conflict in the conclusions arrived at by the two appellate tribunals, and it is necessary for this court to follow one or the other in rendering judgment in the present case. It is a settled rule of law that, unless some federal question is involved, the interpretation placed upon a state statute by the highest appellate tribunal of the state is binding and conclusive upon all federal courts, including the United States Supreme Court. Mead v. Portland, 200 U. S. 164, 26 Sup. Ct. 171, 50 L. Ed. 413; Wadley Southern Ry. v. Georgia, 235 U. S. 659, 35 Sup. Ct. 214, 59 L. Ed. 405; Noble v. Mitchell, 164 U. S. 372, 17 Sup. Ct. 110, 41 L. Ed. 472; Osborne v. Florida. 164 U. S. 654, 17 Sup. Ct. 214, 41 L. Ed. 586; Manley v. Park, 187 U. S. 551, 23 Sup. Ct. 208, 47 L. Ed. 296; Price v. Illinois, 238 U. S. 446, 35 Sup. Ct. 892, 59 L. Ed. ——, decided June 21, 1915. And it is the duty of the federal court to follow the latest decision of the state court, although it may differ from prior decisions of the latter tribunal. Sioux Remedy Co. v. Cope, 235 U. S. page 201, 35 Sup. Ct. 57, 59 L. Ed. ——. It is likewise the duty of the federal court to follow the last decision of the state court, although the federal court may have previously come to a different conclusion. Southern Ry. Co. v. N. C. Corp. Com. (C. C.) 99 Fed. 165; Morley v. Railway Co., 146 U. S. 162, 13 Sup. Ct. 54, 36 L. Ed. 925. The whole doctrine is discussed by the late Judge C. H. Simonton in Southern Railway Co. v. North Carolina Corp. Commission (C. C.) 99 Fed. 162, where he went so far as to change a decree already rendered in the case before him, so as to conform to the interpretation placed on a state statute by a later ruling of the Supreme Court of North Carolina.

[4] Under these decisions it would appear that in the present case it is the duty of this court to follow the conclusions arrived at by the Supreme Court of South Carolina in its interpretation as to what instruments are required by the law and statutes of South Carolina to be recorded, in order to be valid against subsequent creditors or purchasers. That tribunal having found that under the statutes of South Carolina the assignments of choses in action are not bound to be recorded, so as to be valid in such cases, it would appear that the assignments in this case of the accounts, as well as the assignments of the bonds and mortgages, were not necessary to be recorded in order to be valid in the hands of the assignee as against subsequent creditors or purchasers.

It is therefore ordered and decreed that the order of the referee, made March 3, 1915, and sought to be reviewed herein, is hereby approved and confirmed as to so much as holds that the assignment by the bankrupts, Floyd & Hayes, of the notes and mortgages referred to in the report, to the American Agricultural Chemical Company, are good and valid in the hands of the American Agricultural Chemical Company as against all parties. It is further ordered and decreed that the order and ruling of the said referee that the assignments of the open accounts were not valid as against the trustee in this case, because the assignments were not recorded, be and the same is hereby disapproved and overruled. It is further ordered and adjudged that the said referee do allow the American Agricultural Chemical Company to prove its claim against the bankrupt estate, after deducting therefrom the value of all open accounts, notes, and chattel mortgages assigned to it as collateral security, as being duly and properly assigned to it, and that such open accounts, notes, and chattel mortgages be and the same are hereby decreed to be the property of the said American Agricultural Chemical Company, who are entitled to possess, sue for, and recover upon the same to the extent that may be necessary to fully pay and discharge the obligations of Floyd & Hayes for which the same are held as collateral security.