CONSTANT L. TUTTLE *vs.* THE TOWN OF WINCHESTER.

The statute (Gen. Statutes, p. 232, sec. 10,) provides that any person, injured in person or property by means of a defective road or bridge, may recover damages from the party bound to keep it in repair; but that

no action shall be maintained "unless written notice of such injury, and of the time and place of its occurrence, shall within sixty days thereafter be given." A notice was given to the selectmen of the defendant town as follows: "You are hereby notified that *C. T.* of the town of *B.* was injured in his person and property by reason of a defective highway and want of railing on its sides, located in said town of *W.*, and that this injury occurred on the 11th of September, 1879, on this highway, leading from the East Street Park, so called, in *W.*, past the old *G. H.* place to *N.*, and near the house of *P. M.* in said *W.*" Held to be sufficient both as to the place where the injury was received, and as to the character of the injury.

Action on the case for an injury from a defective highway of the defendant town; brought to the Superior Court in Litchfield County, and tried to the jury, on a general denial, before *Stoddard, J.* A verdict was returned for the defendants, and the plaintiff appealed to this court, on the ground of error in a ruling of the court. The case is fully stated in the opinion.

*T. M. Maltbie,* for the appellant.

*A. H. Fenn,* for the appellees.

Park, C. J. The plaintiff seeks to recover damages from the defendants for injuries, which he claims to have received in his person and property, in consequence of the want of a sufficient railing by the side of a highway in the defendant town, which highway they were bound to keep in proper repair. On the trial of the cause in the court below the plaintiff offered in evidence the following written notice to the defendants, as a sufficient compliance with the statute on the subject:—

"To the Selectmen of the town of Winchester in Litchfield County.

"You are hereby notified that Constant L. Tuttle of the town of Barkhamsted in said county, was injured in his person and property by reason of a defective highway and want of railing by the sides of the same, located in said Winchester; and that this injury occurred on the 11th day

of September, 1879, on this highway, leading from the East Street Park, so called, in Winchester, past the old Gideon Hall place to New Hartford, and near the house of Patrick McKee in Winchester. Dated at Barkhamsted this 12th day of September, 1879.          CONSTANT L. TUTTLE."

The defendants objected to the notice as insufficient in regard both to the place and to the injury received, and the court rejected the evidence. This ruling of the court raises the only question in the case.

The statute with regard to the notice to be given in such cases, is as follows:—" Any person injured in person or property by means of a defective road or bridge, may recover damages from the party bound to keep it in repair; but no action for any such injury received subsequently to the seventh day of July, 1874, shall be maintained against any town, city or borough, unless written notice of such injury, and of the time and place of its occurrence, shall, within sixty days thereafter, be given to a selectman of such town, or to the clerk of such city or borough." . Gen. Statutes, p. 232, sec. 10.

We will first consider whether the notice was sufficient in regard to the place where the injury is said to have occurred. In the case of *Shaw* v. *Town of Waterbury*, 46 Conn., 264, this court used the following language in regard to the object of the statute requiring notice to be given in such cases:—" The obvious purpose of this requirement is, that officers of municipal corporations, against which suits for injuries are about to be instituted, shall have such precise information as to time and place as will enable them to inquire into the facts of the case intelligently." It is obvious that in many cases exactness of statement as to place cannot be expected, for the excitement and disturbance caused by the accident as well as often the pain which a person injured suffers, make it impossible to observe with any carefulness the place where the accident occurs, and often the person injured is unable to revisit the place within the time allowed by the statute for the giving of notice. In such cases reasonable definiteness is all that can be expected

or should be required. If the description of the place will enable the town, city or borough, through its proper officers, to ascertain the place by the exercise of reasonable diligence for the purpose, it will be sufficient.

We do not understand that the cases cited by the defendants from Vermont and Massachusetts conflict with this doctrine. In the case of *Holcomb et ux.* v. *Danby*, 51 Verm., 428, the court say that the place must be described in the notice "with reasonable particularity." In the case of *Larkin* v. *Boston*, 128 Mass., 521, the court say that "there can be no doubt that the legislature, in requiring the party to be notified of the place, intended such notice of the locality as to enable the precise spot where the injury was received to be ascertained with substantial or reasonable certainty;" and that the circumstances of a particular case may be such that "the name of the street, alley, or court, would designate the spot where the injury was received, with substantial or reasonable certainty." This was said in a case where the defect which caused the injury was in the road-bed itself, a mere place, with nothing to distinguish it. Much more might it be said in a case like this, where the defect extended along the highway for a considerable distance, and could readily be discovered; for it consisted in the want of a railing by the side of the highway, where the road-bed was so raised above the adjoining ground as to require it. In such a case it was not so important to the town to know the precise spot along the defective way where the plaintiff went off the road and down the embankment with his horse and carriage. The notice describes the place where the accident occurred as being on the highway, near the house of Patrick McKee in the town of Winchester, where the highway is defective from the want of a railing. It does not appear that the highway was defective for this cause at any other place in that vicinity. If it had been the defendants would have been very ready to show it. Suppose the notice had described the place as being on the highway near the house of McKee where there was a huge bowlder by the side of the highway; and no other

bowlder answering the description could be found in that vicinity; would not the description be sufficient? And would the description be more precise in pointing out the defect than it is here? And further, the plaintiff says by his notice that he was injured in his person and property by going off the highway at the place described; giving the defendants to understand thereby that he went off with a horse and carriage. The notice was given to the defendants the day after the injury occurred. If the defendants had gone to the place described within a reasonable time after receiving the notice, the marks upon the ground, in connection with the notice, would have informed them of the precise spot where the plaintiff went down the bank and received his injury. We think the notice is sufficient so far as the description of the place where the injury occurred is concerned.

Is it sufficient in describing the injury received? The statute provides that "any person injured in person or property by means of a defective road or bridge, may recover damages from the party bound to keep it in repair." He may therefore recover some damage for an injury thus received, however slight it may be. The notice states that the plaintiff was injured in his person and property. There may be actionable injuries to which no other description can be given. Oftentimes serious injuries do not develop themselves until long after they are received. But the statute is entirely silent in regard to the statement of the injury in the notice. The defendants contend that the words "such injury," as used in the statute, have reference to the character of the injury received, and require that the injury should be particularly described in the notice; but clearly these words refer solely to the manner in which the injury was received, namely, by means of a defective road or bridge. This appears from the context, which is "but no action for any such injury [that is, the injury previously described, arising from a defective road or bridge] shall be maintained, * * * unless written notice of such injury * * * shall be

given." Manifestly the two phrases in the same sentence have the same meaning. We think the written notice in this case contains all that the statute requires.

The decisions in the states of Vermont and Massachusetts are based upon statutes very different from our own in this respect, and therefore they throw no light upon the present inquiry.

We think there is error in the judgment appealed from, and it is therefore reversed and a new trial ordered.

In this opinion the other judges concurred.