GEORGE BROWN *vs.* THE TOWN OF SOUTHBURY.

The act of 1883 (Sessions Laws 1883, p. 283) provides that the notice to be given to the selectmen of a town by any person injured by means of a defect in a highway, shall state the nature of the injury. A notice of an injury to a horse, carriage and harness, stated it as follows: "Said horse was injured in the left leg and knee joint and otherwise bruised and injured; said carriage was injured by breaking the right shaft and being wrenched and sprung; and said harness was much broken." Held to be sufficient.

The act requires the place of the injury to be stated in the notice. The place was described as "a defective sluice across the highway between the dwelling house of *E. B.* and the *J. H.* place, so called." There were between those points three sluice ways, within twenty-five rods, of which the middle one only was defective. Held that the notice was sufficient.

The plaintiff alleged the notice in his complaint, and the defendant demurred and the case was heard in damages. Held not necessary for the plaintiff to prove the notice. Whether the defendant could have shown the want of notice in fact for the purpose of affecting the question of damages : *Quære.*

The loss of the use of the horse was a direct consequence of the injury and a proper element of damage.

Where in assessing the damages the court below found the actual damage to be $161, and included in the judgment $10.59 as interest on that sum to the date of the judgment, it was held that whether the interest was properly included or not, the sum was too small to justify the granting of a new trial for the error.

[Argued June 14th—decided June 26th, 1885.]

. ACTION to recover for an injury from a defect in a highway of the defendant town ; brought to the Court of Common Pleas, and heard in damages, upon a demurrer overruled, before *Torrance, J.* Facts found and damages assessed at $171.59. Appeal to this court by the defendants. The case is fully stated in the opinion.

*A. N. Wheeler,* for the appellants.

*W. L. Bennett,* for the appellee.

CARPENTER, J. This is an action for injury to property by reason of a defective highway, and was heard in damages after demurrer overruled.

Brown v. Town of Southbury.

The defendant objected to the admission in evidence of the notice to the selectmen required by statute (Session Laws of 1883, p. 283) on the ground that it did not sufficiently describe the nature of the injury and the place of its occurrence. The court overruled the objection.

Under the statute as it originally passed in 1874, the nature of the injury did not need to be stated in the notice, but it is required by the act as amended in 1883. We think the nature of the injury is sufficiently described. The injury was to a horse, wagon and harness, and is thus described :—" That said horse was injured in the left leg and knee joint and otherwise bruised and injured ; that said carriage was injured by breaking the right shaft and being wrenched and sprung; and that said harness was much broken and injured."

This notice is required of plain men, and, in a majority of instances, of men of common or limited education, and must be given within sixty days after the injury. It is absurd to suppose that the legislature intended that it should be given in technical terms, or that the injury should be accurately described in detail. A general description, which will reasonably apprise the selectmen of the general character of the injury, is all that is required. That was given in this case.

The place of its occurrence is thus described :—" Through a defective sluice across the highway in said town, at a point between the dwelling house of Elliott B. Bradley and the John Honahan place, so called." Between these points there are three sluice ways, and within twenty-five rods. Only one was defective, and that was the middle one. The defect, as found by the court, was " a hole in the traveled track, about three feet deep and six inches wide and extending across the sluice way very nearly the width of a carriage." The defect was an obvious one. We think it is very clear that the selectmen had such notice of the place as that they could not have been misled, and could not have mistaken its identity. We think the evidence was properly admitted.

Obviously the plaintiff had no occasion to prove the notice,

for it was alleged in the complaint and admitted by the de-murrer. Whether the defendant could have shown want of notice for the purpose of affecting the question of damages, is a question we need not consider.

The claim that the loss of the use of the horse is too re-mote, and that damages therefor cannot be recovered in this action, cannot be sustained. The loss was the direct and natural consequence of the injury. That it was a proper element of damage is too clear for argument.

The court below estimated the actual damage sustained by the plaintiff at $161, and included in the judgment the further sum of $10.59, as interest on that sum to the date of the judgment. The defendant assigns this as an error. It is not usual in this class of cases to allow interest as such, or to allow it as damages for the detention of money due. It may be proper in some cases to take into consideration the lapse of time in assessing damages. Whether this is such a case is unimportant, because the amount thus allowed, $10.59, is too insignificant to justify us in reversing the judg-ment and granting a new trial.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.