ISAAC LILLY vs. THE TOWN OF WOODSTOCK.

Hartford Dist., May T., 1890. · ANDREWS, C. J., CARPENTER, LOOMIS, SEYMOUR and TORRANCE, Js.

The statute (Gen. Statutes, § 2673,) provides that no action for an injury to person or property by means of a defective road shall be maintained against any town, " unless written notice of such injury, and of the nature and cause thereof, and of the time and place of its occurrence" shall, within a time limited, be given to a selectman of the town. A notice of such an injury described its nature and cause as follows:— " The nature of said injuries being the breaking and destruction of my carriage, and the bruising, wounding and laming of my person; all said injuries caused by said defective road, the defect consisting of a dangerous embankment." Held to be sufficient.

It is a sufficient statement of the time when the injury was received, to state the day. It is not necessary to state the part of the day.

The case of Biesiegel v. Town of Seymour, 58 Conn. R., 43, commented on and distinguished.

[Argued May 6th—decided July 10th, 1890.]

ACTION to recover for an injury from a defective highway of the defendant town; brought to the Superior Court in Windham County. The defendant demurred to the complaint, and the court (Prentice, J.,) held it insufficient and rendered judgment for the defendant. The plaintiff appealed. The case is fully stated in the opinion.

J. H. Potter, for the appellant.

C. E. Searls, for the appellee.

SEYMOUR, J. This is an action to recover for injuries to person and property occasioned by the defendant's defective highway.

The plaintiff annexed to, and made a part of, his complaint the written notice which, under section 2673 of the General Statutes, he gave to the defendant's selectman. The defendant demurred to the complaint on the ground

that the notice is insufficient in that it does not properly set forth the injury and the nature and cause thereof, and the time and place of its occurrence, in manner and form as required by the statute. The Superior Court sustained the demurrer, and the plaintiff took his appeal to this court.

On the argument it was not claimed by the defendant that the place where the accident occurred was not sufficiently described in the notice. But it was strenuously urged that the time when it occurred and the nature and cause of the injury were not properly set forth.

The notice was as follows, omitting the particular description of the place where the accident happened, no question arising upon that point.

" To Harris May, a selectman of the town of Woodstock: On the 3d day of December, 1888, I, Isaac Lilly, of the town of Putnam, county of Windham and state of Connecticut, was injured in my person and property by means of a defective road in said town of Woodstock, * * * the nature of said injuries being the breaking and destruction of my carriage, and the bruising, wounding and laming of my person; all said injuries caused by said defective road, the defect consisting of a dangerous embankment. Dated at Putnam, this 26th day of December, 1888. Isaac Lilly, by J. H. Potter, his attorney."

The questions before us arise upon those parts of the notice which undertake to give the time, the nature and the cause of the injury.

Before 1874 it was not necessary for a person injured by means of a defective road or bridge to give notice to the defendant before bringing suit to recover damages. In that year a statute was passed requiring written notice of such injury and of the time and place of its occurrence, as nearly as it could be ascertained, to be given within sixty days thereafter. In 1883 that statute was amended by requiring that the nature and cause of the injury should also be stated in the notice, and it was under the amended statute, as contained in the General Statutes, that the notice in this suit was given.

Since the statute was passed this court has several times been called upon to construe its provisions. In *Shaw* v. *City of Waterbury*, 46 Conn., 263, in considering the statutory requirement that the time and place of the occurrence shall be given in the notice, the court says :—" The obvious purpose of this requirement is that officers of municipal corporations, against which suits for injuries are about to be instituted, shall have such precise information as to the time and place as will enable them to enquire into the facts of the case intelligently. The court instructed the jury that, if the accident occurred at any time between the first day of April and the last day of May, a notice stating that it happened on the 16th day of April was sufficiently precise; in effect declaring that a variation of forty days was immaterial. This is not a statement of the time of the occurrence of the injury within the true intendment and meaning of the statute ; indeed it is simply to nullify it." In *Brown* v. *Town of Southbury*, 53 Conn., 212, an action brought after the passage of the act of 1883, this court, in considering the scope of the requirement that the notice shall give the nature of the injury and the place of its occurrence, says :—" This notice is required of plain men, and, in a majority of instances, of men of common or limited education, and must be given within sixty days after the injury. It is absurd to suppose that the legislature intended that it should be given in technical terms or that the injury should be accurately described in detail. A general description, which will reasonably apprise the selectmen of the general character of the injury, is all that is required." In the very recent case of *Biesiegel* v. *Town of Seymour*, 58 Conn., 43, the notice was claimed to be insufficient in respect to the injury, its nature and cause, and also as to the place where it occurred. The notice stated that the plaintiff's mare was greatly bruised, cut, sprained and lamed in and upon the feet, legs, chest, shoulders, back and other parts, and otherwise injured. This the court thought was obviously an attempt, not to give notice of the nature of the injury, but to hide it under a multiplicity of statements,

and so leave opportunity to prove any one of possible inju-
ries at the trial.   The nature of the injury was so obscured
by overstatement that no definite understanding as to the
real injury could be reached.   Upon its face the notice was
an attempt to evade the requirements of the statute instead
of an honest attempt to obey it.   If, as suggested in *Tuttle*
v. *Town of Winchester*, 50 Conn., 500, it had appeared that the
injuries received were of a character to admit of no other
description, then the description given would have been
sufficient, but just the contrary appeared from the very
statements themselves.   " The notice," says the court,
" seems to have been framed upon the theory that, like
a common law declaration for tort, it would not be viti-
ated by exaggerated or fanciful statements of the injury
if there could be extracted from it any statement adapted
to the fact. * * * The obvious meaning of this require-
ment is that it shall contain a reasonable statement of the
actual injury received, or in good faith believed to have
been received at the time when it was given."   And
in regard to the cause of the injury the court says:—
" Here is no statement of the particular cause of the injury.
The language 'by means of the highway being defective
and out of repair,' is clearly insufficient, and the added
words ' washed, gullied,' etc., are equally so. * * *   The
notice does not describe the cause of the injury but only
suggests several different theories as to the mode in which
it might have occurred.   Besides, it appears from the find-
ing that none of the causes specified in the notice had any
agency in producing the injury except the ice.   The notice
was therefore unreliable."

 While therefore that case, unless carefully examined, may
seem to give authority to some of the defendant's claims,
yet we think it can be clearly distinguished from the case
at bar, and we are not disposed to extend the decision upon
the points herein referred to beyond the case to which it
applied.

 In the notice now before us the nature of the injuries is

described as "the breaking and destruction of my carriage and the bruising, wounding and laming of my person."

A carriage so broken as to be destroyed presents the picture of a complete wreck, and describes the nature of the injury claimed to have befallen it with reasonable precision. The bruising, wounding and laming of the person may have been as specific and accurate a notice of the nature of the injury as it was reasonably possible to give, and such may turn out upon trial to be the only practicable description. The notice bears no inherent evidence of an attempt to make a general, indefinite statement of the nature of the injuries which should be broad enough to include any possible injury which the plaintiff might be able to prove on the trial of the case. It was not framed upon the theory that, like a common law declaration for tort, it would not be vitiated by exaggerated or fanciful statements of the injury if there could be extracted from it any statement adapted to the fact.

This court ought not to assume, upon the demurrer, that an injury such as is described in the notice might not have been sustained; though it may have been abundantly justified in assuming, in *Biesiegel* v. *Town of Seymour, supra*, from the very description given of the injury, that it was not intended to be and could not be a reasonably accurate description, in compliance with the law. Unless we can see, upon the face of the notice, that the statement of this injury is so loose, general and indefinite as to be, of necessity, unreasonably inaccurate, we ought not to sustain the demurrer upon that point.

As to the cause of the injury, the place being sufficiently described, so that the selectmen could inspect it in connection with the notice, we think it was described with reasonable accuracy. The notice stated the cause of the injury to be a dangerous embankment. Whether it was dangerous was a question of fact. Whether it was dangerous for want of a sufficient railing would appear upon inspection, and the notice stated the place correctly, named the dangerous embankment as the cause, and thus gave the selectmen the

opportunity to examine and procure evidence of the condition of the road at the time of the accident, which it was one object of the statute to afford them.

As to the time when the injury was sustained, we see no basis for the claim that naming the correct day is not a sufficient compliance with the letter and the spirit of the statute, though the hour of the day is not named. If the notice bore evidence of an attempt to mislead or confuse as to the time or place of the accident, or to impose upon the defendant by stating the nature of the injury in such general terms as to preclude its receiving any definite .information, we should not hesitate to hold it insufficient. But inasmuch as there is nothing before us to indicate that here was not an honest attempt to comply with the requirements of the statute and to be reasonably definite as to the nature, cause, time and place of the injury, we think the notice should have been held sufficient and the demurrer overruled.

There is error in the judgment appealed from.

In this opinion the other judges concurred.