JULIA C. BREEN *vs.* THE TOWN OF CORNWALL.

First Judicial District, Hartford, October Term, 1900.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Chapter 172 of the Public Acts of 1895 (p. 534) provides that the written notice of an injury on the highway should give a general description of it and "the cause thereof." *Held* that a notice which stated that the plaintiff drove upon a ledge of rocks in the road which was concealed from observation by bushes and grass, that her wagon was broken and that she was thrown out upon the ledge of rocks and injured, was a sufficient statement of the cause of the injury.
The complaint alleged in substance the facts stated in the notice, but described with greater particularity the manner in which the wagon was caught and broken in the holes or crevices in the rocks, and in which the plaintiff was thrown out and injured. *Held* that such pleading was permissible, and did not set forth a different cause of injury from that stated in the notice.

Argued October 3d—decided November 1st, 1900.

ACTION to recover damages for personal injuries claimed to have been caused by a defective highway, brought to the Superior Court in Litchfield County and heard on demurrer to the complaint for the alleged insufficiency of the notice; the court, *Robinson, J.,* sustained the demurrer and rendered judgment for the defendant, and the plaintiff appealed for

alleged errors in the rulings of the court.  *Error and cause remanded.*

Paragraphs 1, 4 and 5 of the complaint are as follows: "1. On June 23d, 1897, and for a long time prior thereto, there was a dangerous defect in the public highway or road in said town of Cornwall, known as the Cook Road, at a point in said highway or road about two rods northerly of the ruins of an old house, known as the Cook house, which said defect consisted of dangerous rocks from which the earth had been washed and worn away, and deep, dangerous crevices and holes in said rocks, said dangerous condition being caused by the washing and wearing of the earth from said highway. Said highway or road was further defective at said point by reason of bushes and grass being allowed to grow up and overhang the traveled part of the same in such a manner as to hide the dangerous and defective condition of said highway from travel thereon, and for all of said reasons said road was unsafe. 4. On said day the plaintiff, with due care, was driving a horse and wagon or cart along said highway or road, and by reason of the defective condition of said highway or road, as set forth and described in paragraph one, the wheel of the wagon or cart in which the plaintiff was then riding while traveling over said point in said highway or road, ran into and was caught and held fast in the crevices or holes in the rocks in said highway at said point, and by reason of the same the wheel to her wagon or cart in which she was then riding was broken and she was thrown violently out upon the ground or rocks at or near the said point, all of which while she was in the exercise of due care. 5. In consequence of said defective road and of the catching and holding fast of the wheel of said wagon or cart in the crevices or holes of the rocks at said point as aforesaid, and of the breaking of said wheel and being violently thrown from said wagon or cart, the plaintiff was severely and permanently injured in her person."

The statutory notice given by plaintiff to defendant, and set forth in the complaint, is as follows: —

" CORNWALL BRIDGE, CONN., June 24, 1897.

" To the Selectmen of Town of Cornwall, Gentlemen :

" I hereby notify you that myself and a friend, Miss Mary McCormick of Bridgeport, while driving on the road between the Warren Turnpike and Richard Brophy's house, I think the road is familiarly called the 'Cook Road,' near the ruin of an old house, we were thrown out of our wagon on that ledge of rocks in the road. Our wagon was broken and ourselves very much injured. As it is beyond dispute that the condition of the road was the cause of the accident, I shall hold the town of Cornwall responsible for the injuries done myself and wagon. That whole road is in a terrible condition. I should judge there has not been a spoonful of dirt put on it in more than a year. The bushes and grass hide holes, rocks, and other dangers, so that a driver cannot see danger until he meets it.

" We were several times nearly thrown out before we came to those rocks, so were driving very slowly and carefully when the accident occurred, otherwise we should have been killed. I was thrown out headlong and struck on the rocks, hurting my right shoulder, neck, and back. Miss McCormick hurt her hip and wrenched her ankle, which at present is swollen to twice its usual size. In fact, we can neither of us tell exactly yet the extent of our injuries, as the accident occurred yesterday, June 23, 1897.

" Very respectfully,

" JULIA C. BREEN."

The defendant demurred to the complaint upon the grounds that the notice did not contain a sufficient description of the cause of the injury, and did not state the same cause as that alleged in paragraphs 1, 4 and 5 of the complaint.

*Samuel A. Herman* and *J. Henry Roraback*, for the appellant (plaintiff).

*Leonard J. Nickerson*, for the appellee (defendant).

HALL, J. Two questions are presented by this appeal:

first, whether the notice contains a sufficient description of
the cause of the injury sustained by the plaintiff; and sec-
ond, if it does, whether it describes the same cause of injury
as that alleged in the complaint.

The Act of 1895 (Chap. 172), amending § 2673 of the Gen-
eral Statutes, requires, as a condition to the maintenance of
such an action, that the plaintiff shall give to the defendant
a " written notice of such injury and a general description of
the same, and the cause thereof, and of the time and place
of its occurrence."

" The sufficiency of the notice is to be tested with refer-
ence to the purpose for which it is required. If sufficient
for that purpose it is a good notice." *Budd* v. *Meriden Elec-
tric R. Co.*, 69 Conn. 272, 285. The place, cause and nature
of the injury are sufficiently stated in the notice when they
are " truly described with such a reasonable degree of cer-
tainty that ordinary men in the exercise of ordinary intelli-
gence under the circumstances can learn from the notice the
nature of the injury, and be able to ascertain by the use of
ordinary diligence the place where it occurred and the cause
that occasioned it." *Gardner* v. *New London*, 63 Conn. 267,
272; *Budd* v. *Meriden Electric R. Co.*, *supra* ; *Dean* v. *Sharon*,
72 Conn. 667, 674. In *Lilly* v. *Woodstock*, 59 Conn. 219, the ·
notice having stated that the plaintiff was injured by means
of a defective road (the place of the accident having been
properly described), and the nature of the injury having been
described as the breaking and destruction of the plaintiff's
carriage, and the bruising, wounding and laming of his per-
son,—it was held that the words, "all said injuries caused
by said defective road, the defect consisting of a dangerous
embankment," constituted a sufficient description of the cause
of the injury to comply with the requirements of the statute.

The notice before us describes the place where the injury
occurred as " on that ledge of rocks in the road," " near the
ruin of an old house," on a road the name of which is given,
and between a turnpike and a house the names of which are
given. It states they were nearly thrown out before they
"came to those rocks," and so were driving carefully when

the accident occurred. This statement, with what precedes it, renders it sufficiently clear that the accident which caused the plaintiff to be thrown from her carriage, happened when they came to those rocks, the particular location of which had been already described.

Without repeating here all of the language of the notice descriptive of the cause of the injury, but reading it as we think ordinarily intelligent persons would understand it, the notice states that the plaintiff and her friend while driving along the "Cook Road" between the Warren Turnpike and Richard Brophy's house, drove upon a ledge of rocks in the highway near the ruins of an old house, and thereby their wagon was broken and the plaintiff was thrown out upon the ledge of rocks and very much injured.

This is a sufficient statement of the cause of the injury to meet the requirements of the statute. It is not only a statement that the cause of her injury was being thrown upon a certain ledge of rocks in the highway, but a sufficiently clear statement that the cause of her being thrown from the wagon was the driving upon these rocks and the breaking of the wagon.

The notice further describes the cause of the injury by describing how the ledge of rocks caused her to be thrown out, in the statement that the cause of the accident was the condition of the road, and that the road was in a terrible condition because no dirt had been placed upon it, and that the bushes and grass hid the holes, rocks, and other dangers.

The words "cause of the accident" are used in the notice as synonymous with the cause of the injury.

The complaint alleges the same cause of the injury as that described in the notice. In both the complaint and the notice the cause of the injury is fairly described as the driving upon certain rocks in the highway at a described place, by which the plaintiff's wagon was broken, and by the driving upon which rocks and the breaking of the wagon the plaintiff was thrown out upon the rocks and injured.

Because the complaint—in stating that the wheel of the plaintiff's wagon was caught in the crevices or holes in the

rocks upon which they ran—describes the manner in which the wagon was broken and the plaintiff was thrown out, with greater particularity than is done in the notice, it cannot be said to describe a different cause of the injury. A general description of the cause of the injury in the notice, which is not in itself a part of the pleading, does not prevent the plaintiff from alleging such cause more specifically in the complaint, nor from proving at the trial the particular facts so alleged. *Budd* v. *Meriden Electric R. Co.*, *supra*. The court erred in sustaining the defendant's demurrer to the complaint.

There is error, the judgment is reversed and the case remanded to be proceeded with according to law.

In this opinion the other judges concurred.