## ANNIE THORSON *vs.* THE GROTON AND STONINGTON STREET RAILWAY COMPANY.

Second Judicial District, Norwich, October Term, 1911.
HALL, C. J., PRENTICE, RORABACK, WHEELER and REED, Js.

No specific rule can be laid down which will govern all cases, as to the sufficiency of the written notice which, under General Statutes, § 1130, must be given to a street-railway company prior to an action against it for personal injuries. To some extent at least, its sufficiency must be determined by the facts of each case, and the purpose for which the notice is required must also be considered.

In the present case the notice, which was made part of the complaint, stated that the plaintiff, while a passenger on one of the defendant's cars which left Noank for Groton about 10:45 p. m. on a certain day, was struck on the head and injured by the falling of one of the transoms or windows in the top of the car, and that the accident happened, shortly after the collection of the first fare and before taking the second. Upon demurrer it was *held* that the notice was sufficient both in its description of the cause of the injury and the place of its occurrence.

The office of such a notice is not to allege all the circumstances necessary to support an action, but to give the railway company a general description of the injury, including the time, place and cause of its occurrence.

Proof that a transom or ventilator in a street-railway car fell without any apparent cause or reason, affords evidence sufficient to justify an inference and finding by the trial court that the accident arose from the negligence of the railway company, in the absence of any explanation upon its part. It is not necessary, in such a case, that the evidence should exclude the possibility of any other cause than the defendant's negligence: it is sufficient if it reasonably leads to that conclusion.

Although not insurers of the safety of their passengers, the law imposes upon common carriers the duty to exercise the highest practicable degree of human skill in their transportation.

Argued October 19th—decided December 19th, 1911.

ACTION to recover damages for personal injuries alleged to have been caused by the defendant's negligence, brought to and tried by the Court of Common Pleas in New London County, *Waller, J.;* facts found

and judgment rendered for the plaintiff for $375, and appeal by the defendant. *No error.*

*Charles W. Comstock* and *Lee R. Robbins,* for the appellant (defendant).

*Philip Z. Hankey,* for the appellee (plaintiff).

RORABACK, J. The complaint alleges in part that the plaintiff, while seated as a passenger in a trolley-car of the defendant company, through the negligence of the defendant in not properly maintaining, caring for, and inspecting its car, was injured by the falling of a transom from its place over a window, which transom struck the plaintiff on her head.

The plaintiff annexed to and made a part of her complaint a written notice containing an alleged description of her injuries, of the cause thereof, and of the time and place of their occurrence.

The defendant demurred to the complaint on the ground that this notice was insufficient in its description of the cause of the alleged injury, and of the place of its occurrence. The demurrer was overruled. This action of the court is one of the reasons of appeal.

General Statutes, § 1130, requires, as a condition to the maintenance of an action against a railway company, that "written notice containing a general description of the injury and of the time, place, and cause of its occurrence, as nearly as the same can be ascertained, shall have been given to the defendant within four months after the neglect complained of, unless the action itself is commenced within said period of four months." The object of this requirement is that the railway company may investigate and ascertain the facts within a reasonable time after the occurrence of the alleged injury. It is manifest that no specific rule can be laid down which will govern in all cases. The

sufficiency of the notice must be determined to some extent by the facts of the case. Its sufficiency is also to be considered with reference to the purpose for which it is required. If sufficient for that purpose it is a good notice. *Budd* v. *Meriden Electric R. Co.*, 69 Conn. 272, 285, 37 Atl. 683.

The notice before us states that "on May 5th, 1909, while she [the plaintiff] was a passenger for hire in one of the cars of your company, which car left the village of Noank for Groton Bank in the town of Groton at about 10:45 p. m., on said day, she was struck on the head by the falling of one of the transoms or windows in the top of said car, which bruised and injured her head, brain and nervous system. Said injuries were inflicted upon the undersigned while she was in transit on said car from said Noank to said Groton shortly after the taking of the first fare and before taking the second."

The falling of the ventilator was the cause of the accident. This occurred in the night time upon a moving car. This car, the notice states, left the village of Noank for Groton at 10:45 p. m., and shortly after the taking of the first fare and before taking the second the ventilator fell. Under such circumstances, information as to the precise location of the defendant's car when the plaintiff was injured would not have materially assisted the defendant in investigating this claim. In the language of the statute upon this subject, such a description of the place was as nearly as the same could be ascertained.

The defendant also contends that the notice to it as to the cause of the injury was valueless, as the negligent acts complained of were not set forth in the notice. The office of the notice required in this class of cases is not to allege all the circumstances necessary to support the action. It is not a pleading. It is sufficient if it

gives the officers of the corporation a general description of the injury, and of the time, place and cause of its occurrence. Testing the notice by what it contains, it states under the circumstances of this case, with required certainty, a description of the place and cause of the plaintiff's injuries.

It appears from the finding that the falling of this ventilator was not caused by reason of any outside force, or the act of a stranger, or by collision with any object from the inside or outside of the car. Shortly before the accident it was opened by one of the two conductors in charge of the car. The plaintiff, at the time she was injured, was in a seat directly beneath the ventilator. The exact cause of the fall of the ventilator was not directly shown in the evidence. It was so constructed that it could not have fallen from its place if the fixtures and fastenings had been in proper condition, and if it had been properly cared for at the time it fell. Neither of the conductors in charge of the car at the time of the accident were called as witnesses, and no explanation as to the cause of the accident was offered by the defendant. The court has found that upon these facts the plaintiff was entitled to recovery. If this conclusion is justified, the judgment cannot be disturbed. This court has said in substance: Carriers of passengers are not insurers of their safety, but the law imposes upon them the duty to exercise the highest practicable degree of human skill to carry the passengers in safety. *Murray* v. *Lehigh Valley R. Co.*, 66 Conn. 512, 518, 519, 34 Atl. 506. "There must be reasonable evidence of negligence, but when the thing causing the injury is shown to be under control of a defendant, and the accident is such as, in the ordinary course of business, does not happen if reasonable care is used, it does, in the absence of explanation by the defendant, afford sufficient evidence that the accident arose from

want of care on its part." *Breen* v. *New York Central & H. R. R. Co.*, 109 N. Y. 297, 300, 16 N. E. 60. While it was necessary for the plaintiff to affirmatively establish the alleged negligence on the part of the defendant, either in the condition, or in the operation, or in the inspection, of its car, it was not necessary that she should prove either the specific defect in the ventilator, or the particular act of misconduct in its management or inspection which constituted the negligence causing the injury complained of. It was sufficient if she proved facts from which the trial court might fairly infer that the ventilator was either defective in its construction, or was negligently cared for or inspected. *Griffin* v. *Manice*, 166 N. Y. 188, 196, 59 N. E. 925; *Whitney* v. *Boston Elevated Railway Co:*, 208 Mass. 115, 117, 94 N. E. 254.

The plaintiff was a passenger on the car of the defendant company. She was entitled to be carried in safety, and it was the duty of the defendant to exercise a high degree of care to safely carry her while she remained in its car. In the order of common events an accident like the one under consideration could not have happened. It is plain that it could not have occurred if the transom had been in proper condition and properly cared for. Just before the ventilator fell it was opened by a conductor. In the absence of any explanation upon the part of the defendant, the court below was clearly justified in inferring that the negligence complained of was the cause of the accident.

It was not necessary that the evidence should show that it was impossible that there should be any other cause; it was sufficient if it reasonably satisfied the trial court that there was none.

There is no error.

In this opinion the other judges concurred.