CATHERINE DELANEY *vs.* THE WATERBURY AND MILL-
DALE TRAMWAY COMPANY.

Third Judicial District, Bridgeport, October Term, 1916.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

The notice to a street-railway company, required by Chap. 196 of the
Public Acts of 1913, stated that the plaintiff, while standing in the
highway at a specified time and place, was struck by a trolley-car
owned and operated by the defendant, and as a result received
personal injuries, which were fully described. The complaint al-
leged that as she stood near the track waiting to board the ap-
proaching car, which she had duly signalled to stop, it rapidly went
by swaying from side to side and that the step or other projecting
part of the car caught her clothing and threw her to the ground, or
that her fall was due to the suction caused by the excessive speed of
the car. Upon demurrer to the complaint, which included the
notice, it was *held:*—

1. That this modification of the statement that the plaintiff was struck
   by the trolley-car was wholly immaterial, when tested with refer-
   ence to the purpose of the notice, which was merely to furnish its
   recipient such available information as was calculated to assist him
   in protecting himself.
2. That it was not essential that the notice should go behind the imme-
   diate operating cause of the occurrence and set forth the claimed
   acts of negligence of the defendant's servants or agents which led
   up to it.

The requirement that the notice shall contain a general description of
the injury, and of the time, place, and "cause of its occurrence,"
means neither more nor less than that there shall be a statement of
that which occasioned or produced the injury. This may frequently
involve a statement of a negligent act or acts, if they were the
immediate, producing cause of the injury; but where the immediate
cause was not an act, but a defective or improper condition ob-
viously originating in and attributable to negligent conduct, it is
sufficient merely to state such condition.

Among other grounds of demurrer, the defendant claimed that the com-
plaint failed to show any negligence upon the defendant's part,
while on the other hand it manifested a want of due care upon the
part of the plaintiff in standing too near the trolley track, or at
least did not show that she was free from fault in doing so. *Held*
that negligence of the defendant was clearly alleged; and that even
if it were to be assumed that the criticisms respecting the plain-

tiff's conduct were sustainable, the other allegations of the complaint respecting the operation of the car after the plaintiff's peril was known or ought to have been known to the motorman, converted her negligence into a remote cause of the resulting injury to her, leaving that of the defendant as its immediate or proximate cause.

The case of *Peck* v. *Fair Haven & W. R. Co.*, 77 Conn. 161, explained and distinguished.

Argued October 25th—decided December 19th, 1916.

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of the defendant, brought to and tried by the Superior Court in New Haven County, *Reed, J.*, upon demurrer to the complaint; the court sustained the demurrer and, upon the refusal of the plaintiff to plead further, rendered judgment for the defendant, from which the plaintiff appealed. *Error and cause remanded.*

The complaint alleges that the plaintiff received personal injuries in the night season while she was standing at a regular stopping-place of the defendant's cars, intending to become a passenger upon an approaching car. It alleges that she had signalled to the car to stop; that to insure being seen by the motorman and to avoid injury from passing vehicles she was obliged to stand, when thus signalling, as was customary with intending passengers, near the rails, as the defendant well knew, or in the exercise of due care should have known; that the car, as it approached, was being propelled "at a reckless, dangerous, negligent and unlawful speed"; that its powerful electric headlight was not dimmed as it approached her, as it might and ought to have been; that by reason of this light being thrown upon her she was blinded so that she lost her power of observation and sense of direction; that the defendant's agents and servants in charge of the car, although they saw, or in the exercise of due care should have seen, and appreciated the plaintiff's peril, negligently failed to slacken

its speed or turn off or dim its headlight, and continued on past her at such speed that the car swayed from side to side and its front and rear by reason of the swaying alternately extended beyond the rails farther than usual until, in passing, "the step or some other projecting part thereof caught her clothing as it passed and threw her to the ground, or the suction caused by the excessive speed of said car caused her to be thrown to the ground," whereby she received her injuries, she at the time being blinded and unable to observe the position or swaying of the car. The concluding averment, save that alleging notice, is as follows:—

"Said injuries were caused by the negligence of the defendant's servants and agents in failing to turn off or dim said headlight after they saw or in the exercise of due care should have seen the plaintiff's danger; in failing to so operate said car when approaching a place which it had designated as one where persons intending to become passengers might approach its tracks to signal the men in charge of its cars, that persons standing in such customary place to signal and board said cars would not be injured; in failing in any manner to attempt to avoid injuring the plaintiff after they saw or in the exercise of due care should have seen the plaintiff, and by the negligence of the defendant in entrusting said car to servants whom it knew or should have known were incompetent to perform the duties assigned them."

The notice alleged to have been given, stated that the plaintiff would claim damages for injuries described, sustained by her at a time and place specified, "as a result of being struck by a trolley car, owned and operated by your company."

*Walter E. Monagan*, for the appellant (plaintiff).

*John H. Cassidy*, for the appellee (defendant).

PRENTICE, C. J.  The demurrer to the complaint, which was sustained, states fourteen reasons which, for purposes of our present consideration, may conveniently be grouped under three heads substantially as follows: (1) that the statutory notice given to the defendant did not contain a statement of the cause of injury sufficient to support a recovery, and especially a recovery for the cause alleged in the complaint; (2) that the complaint does not allege a good cause of action by reason of its failure to show that the defendant's negligence was the proximate cause of the plaintiff's injury and that the plaintiff was free from contributory negligence; and (3) that the allegations touching the conduct of the parties as indicating negligence on the part of the defendant and freedom from contributory negligence on the part of the plaintiff, are vague, indefinite and inadequate.

The notice informs the defendant that the plaintiff would claim damages for injuries, fully set out, sustained by her as the result of being struck by a trolley-car owned and operated by it at a time and place specified.  The complaint alleges that the step or other projecting part of the car caught her clothing as it passed her and threw her to the ground, or that the suction caused by the excessive speed of the car caused her to be thrown to the ground whereby she received her injuries.  The criticisms of the notice, in part sustained by the court below, are (1) that the information it conveyed differs materially from the facts alleged and made the basis of recovery, and (2) that it did not undertake to advise the defendant of the negligent conduct claimed to have been the cause of the plaintiff's injuries.

The principles which govern in determining the sufficiency of the notices required to be given under § 1130 as amended (Public Acts of 1913, Chap. 196,

p. 1822), as well as under General Statutes, § 2020, similar in its pertinent provisions, are well established. It is not expected that they will be expressed with the fullness and exactness of a pleading. Their intended purpose is that of furnishing the recipients such available information as is calculated to assist them in self-protection. Their sufficiency is to be tested with reference to that purpose, and in applying the test the circumstances of each case are to be considered. If, under the circumstances of a given case, the notice is sufficient for its intended purpose, it will be regarded a good notice. *Gardner* v. *New London,* 63 Conn. 267, 272, 28 Atl. 42; *Budd* v. *Meriden Electric R. Co.,* 69 Conn. 272, 285, 37 Atl. 683; *Breen* v. *Cornwall,* 73 Conn. 309, 312, 47 Atl. 322; *Thorson* v. *Groton & Stonington Street Ry. Co.,* 85 Conn. 11, 13, 81 Atl. 1024; *Cassidy* v. *Southbury,* 86 Conn. 45, 49, 84 Atl. 291.

The modification in the complaint, of the statement of the notice that the plaintiff was struck by a car and thus injured, so that it is made to appear that her person was not actually hit, and that her injuries were received by contact with the ground and not with the car, is a wholly immaterial one as bearing upon the purpose of the notice. That purpose was as fully met by the information it conveyed, that at a given time and place the plaintiff was injured by being struck by a car, as it would have been by information that the car did not actually come into physical contact with her person but only caught her clothing and thereby dragged her to the ground, or in its swift passage occasioned the same result without even touching her clothing.

But counsel for the defendant say that the notice is fatally defective because of its failure to satisfy the statutory requirements in that it does not attempt to state wherein the claimed negligence of the defendant

or its servants and agents consisted. He says that something more is demanded than a statement of the immediate operating cause, to wit, a statement of the negligent conduct lying behind that cause and indicating its negligent character.

In support of his contention he points to an utterance of this court in *Peck* v. *Fair Haven & W. R. Co.*, 77 Conn. 161, 164, 58 Atl. 757, where we said that by the description of the "cause" of the occurrence, as distinguished from the description of the "injury," as those terms are used in the statute, was meant the description of the negligent act which caused the injury. This purely incidental observation, made to bring out clearly the distinction the court was endeavoring to draw, while proper enough for that purpose, was not intended to be and is not a comprehensive definition. It would, perhaps, be difficult to frame one more understandable and enlightening than is the word to be defined. To say that by "cause" is meant the producing agency, or that by the power of which any thing or event is or is occasioned, or that which occasions, produces or brings into existence an event, condition or occurrence, is to add nothing of real value to the easily understood signification of the word itself. When the statute says that the notice shall contain a description of the cause of the occurrence from which injuries resulted, it means neither more nor less than that there should be a statement of that which occasioned or produced it.

The immediate producing cause of injuries received may be, and perhaps more commonly than otherwise is, an act or acts, and if actionable as negligent, necessarily a negligent act or acts. In such case a description of the cause of the occurrence naturally involves a description of the negligent act or acts charged with responsibility for it. It was cases of that character which

the court had in mind in using the language cited from *Peck* v. *Fair Haven & W. R. Co.*, 77 Conn. 161, 164, 58 Atl. 757. But the immediate cause may not be an act. It may, for instance, be a defective or improper condition originating in and attributable to negligent conduct. In such case the cause in its ultimate analysis may, of course, be resolved into negligent acts, but in its immediate aspects, as an operating agency, it takes the form of the defective or improper condition. Under these circumstances, if the condition is of a kind that its very existence imputes a negligent responsibility therefor, the statute does not impose upon a claimant the duty of going back of the immediate cause to find and state the negligent conduct which was responsible for the condition, and a sufficient notice may be given wherein the description of the cause of the occurrence is confined to the statement that it was due to the defective or improper condition. Thus, in the case of injuries from defective highways, it is sufficient, and we believe also customary, to state that their cause was the defective condition specified, without further statement that it in turn was due to negligence in failing to keep the highway in repair or otherwise. Notices of this character have been before this court and approved. *Lilly* v. *Woodstock*, 59 Conn. 219, 223, 22 Atl. 40; *Dean* v. *Sharon*, 72 Conn. 667, 673, 45 Atl. 963.

In the present case the notice did inform the defendant of the claimed negligent act of causation, to wit, the striking of the plaintiff with the car, when it stated that her injuries were sustained by being so struck. That was the act complained of, and that it was claimed to have been the defendant's act and a negligent one sufficiently appeared from the statement that it was operating the car and by necessary inference from the fact that notice of a claim for damages was given. The notice thus satisfied the letter of the statute, as it also

did its spirit and purpose. The defendant could not have been either misled by the meagerness or uncertainty of the information given or handicapped thereby in making investigation for its protection. It was put upon inquiry, and a notice as detailed and particular as is the complaint in its description of the claimed negligent conduct leading up to the immediate cause of the injury, to wit, the striking, would not have been more helpful to it in its investigation for self-protection than was the one given. That notice, in view of the circumstances of the case and the end sought, was adequate to support a recovery for the cause of action set out in the complaint.

The charge that the complaint failed to state a good cause of action is not well made. Negligence on the part of the defendant clearly is alleged. If it be assumed, as claimed by defendant's counsel, that it appears that the plaintiff was herself guilty of want of due care in taking a position too near the tracks, or at least that it does not appear that she was free from fault in so doing, the allegations as to the operation of the car, after her peril was known or ought to have been known to the motorman, and when she was incapacitated by the defendant's conduct from using her sense of sight in self-protection, convert that negligence of hers into a remote cause of the resulting injury to her, and the defendant's negligence into the proximate cause of it. *Nehring* v. *Connecticut Co.*, 86 Conn. 109, 84 Atl. 301, 524.

We fail to discover any substantial ground for the reasons of demurrer which belong to the third group, unless it be found in the claim that the allegation that the plaintiff acted throughout in the exercise of due care is not supported by those made as to her conduct from which that fact does not clearly appear. But as we have already seen, such a situation would not

militate against the sufficiency of the complaint as stating a cause of action.

There is error, the judgment is set aside and the cause remanded to be proceeded with according to law.

In this opinion the other judges concurred.