## LUIGI CARONA, ADMR.
### vs.
## CITY OF NEW HAVEN

Superior Court      New Haven County      File #46398

Present:   Hon. ALLYN L. BROWN, Judge.

W. H. Burland,                    Attorney for the Plaintiff.

V. P. Dooley,                     Attorney for the Defendant.

### MEMORANDUM FILED JUNE 12, 1935

BROWN, J. The issue upon this demurrer, concisely is this: do the expressions, referring to the plaintiff and her injuries, in the written notices given the defendant—"fell and was injured", "injuries she sustained as a result of said fall", and "fell and was seriously injured, her injuries resulting in her death on November 5, 1934", comply with the requirement of Sec. 1420 of the Gen. Statutes, which makes written notice

of the claimed "injury and a general description of the same", a condition precedent to recovery in an action of this nature?

Justice Haines in **Sizer vs. Waterbury, 113 Conn. 145, at pages 156 and 157**, in tracing the history of the development of this statute, makes clear that the insertion in the former statute of the qualifying words after "injury",—"and a general description of the same", was to make the requirements less strict and technical, and no greater than necessary to fairly apprise the defendant of the general character of the injury to the extent "reasonably necessary, **under the circumstances**, to reasonably protect his interests". **Cassidy vs. Southbury, 86 Conn. 45, 50.**

In the **Cassidy case**, which lays down the rule of liberal interpretation which the **Sizer case** follows and approves, the action was for injury to the plaintiff's horse and damage to his wagon. The notice read: "Said horse was injured and has greatly deteriorated in value as a result of said accident. Said wagon was injured and damaged greatly as a result of said accident". The Court held this a sufficient notice as to injury under the statute.

In view of these decisions, it is my conclusion in so far as the determination of this demurrer is concerned, I may properly adopt the words of the Court in the **Cassidy Case**: "The notice was not an ideal one; but, in our opinion, it would call for the application to the situation of more strict and technical rules than our statute, as it has been repeatedly construed, justifies, to hold that it was insufficient, in its information conveyed of the injury to the plaintiff . . . . to support a recovery for the injuries recited in the complaint."

For the purpose of the present discussion ,the allegations of paragraph 11 of the complaint, that the plaintiff did not intend to mislead the defendant by any inaccuracy of the notice and that the defendant was not in fact mislead thereby, but had full knowledge of the circumstances, including "the nature and extent of said injuries within the time prescribed" by the statute, stand admitted. In so far as any inaccuracy of the notice is concerned, these allegations are sufficient to bring the notice within the saving clauses of the statute. Whether upon a trial upon the merits, the plaintiff substantiates these allegations by evidence to whatever extent may prove essential and so establishes his cause of action, is a

question of fact for the trier's determination. However that may be, the notice as the cause of action is pleaded, is sufficient to withstand the defendant's demurrer for the reasons stated.

The demurrer is overruled.