[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE' SUMMARY PROCESS ACTION OF CONDOMINIUM ASSOCIATIONCOMMENCED IN OPPOSITION TO UNIT OWNER'S INTEREST
The Consolidated Association of the Birches at Foxon, Inc. CT Page 5312 (hereafter the Birches) is the incorporated association of the condominium owners of the common land and appurtenances of which dwelling unit 14 B in Birch Court, East Haven is a part. Dwelling unit 14 B, Birch Court, is owned by Paul and Angeline Sikeris. In the past Paul and Angeline Sikeris caused unit 14 B to be rented to Sandra Gaetano and her sons Thomas and Michael Gaetano. The Sikeris' are quite pleased with Sandra Gaetano, as well as with the immaculate condition in which she maintains the premises.
There is considerable controversy between the Birches and Sandra Gaetano surrounding the former's contention that Sandra Gaetano's sons conducted themselves in such a way as to violate the rules and regulations of the Birches governing behavior in front of unit 14 B, Birch Court, and on the grounds of the condominium. The controversy is now expressing itself in this summary process action brought by the Birches against Sandra Gaetano, Thomas Gaetano and Michael Gaetano seeking possession of dwelling Unit 14 B in Birch Court.
The plaintiff claims that the deed which transferred ownership of condominium Unit 14 B to Paul and Angeline Sikeris conferred the standing necessary for it to bring and maintain this action.[1]
Paul and Angeline Sikeris are parties defendant in this action by virtue of the court's having granted their motion for intervention as defendants.
In its complaint as revised the Birches allege that Sandra Gaetano and her sons have occupied unit 14 B for several years under written one-year leases, the last of which expired on or about May 31, 1995. The Birches allege that pursuant to the Declaration and By-Laws of the Condominium Association all leases for units in the condominium must be approved by the condominium association. The Birches further allege that Paul and Angeline Sikeris submitted to the Board of Directors a proposed one-year lease for the Gaetano's for the year June 1, 1995 to May 31, 1996; that this proposed lease was disapproved preliminarily at a meeting held on May 8, 1995, and — after the owners submitted a formal application and a check — at a second meeting held by the board on June 12, 1996.
In their revised complaint the Birches further allege that written notice of the Board's action was given first on or about June 12, 1995; and that shortly thereafter Paul and Angeline Sikeris were informed of the disapproval. The Birches claim that after the aforesaid disapproval of the proposed lease, Sandra CT Page 5313 Gaetano and her sons ceased to have any right to occupy dwelling unit 14 B. Thereafter, the Birches caused a notice to quit to be served upon Sandra Gaetano and her sons advising them to quit due to the absence of any right on their behalf to occupy the premises.
The basis of the decision of the Board of Directors of the Birches not to renew the Gaetano's lease was predicated upon its determination that one or both of the Mrs. Sandra Gaetano's sons littered the grounds in front of Unit 14 B, uttered vulgarities directed toward the President of the Board, raced motorcycles on the common grounds, and, inter alia, created public disturbances by congregating late in the evening with other persons in front of Unit 14 B. The decision was based also upon its determination that other residents had made numerous complaints about inappropriate behavior of one or both of Mrs. Sandra Gaetano's sons. Mrs. Sandra Gaetano vehemently denies any wrongdoing by her sons.
The issue before the court is not whether the allegations against Mrs. Sandra Gaetano's sons are true. The issue is whether the decision of the Board of the Birches complied with the "notice of disapproval" provision of section 17(e) of its by-laws. That part of section 17(e) states the following:
 No proposed lease . . . shall be considered for approval by the Board of Directors until it is submitted in writing . . . . The Board of Directors shall consider the proposal at its regular or special meeting, to occur within thirty (30) days after the receipt of said proposal. . . . The Board of Directors . . . shall notify the proposing unit owner in writing of its decision within five (5) days after said meeting. If it fails to so notify said unit owner within such time, the proposal shall be deemed to have been approved.
Evidence presented at the trial of this case establishes that Mrs. Sandra Gaetano and her sons have occupied unit 14 B under a series of one year leases until May 31 1995. On May 8, 1995 — prior to receiving an application from Paul and Angeline Sikeris for renewal of the lease for Mrs. Sandra Gaetano for the term of June 1, 1995 through May 31, 1996 — the Board of Directors of the Birches met and decided that it would not approve the renewal based upon its determination that Mrs. Gaetano's sons have disturbed the CT Page 5314 peace and enjoyment of other unit owners. The Board communicated its decision to Paul and Angeline Sikeris through a letter, dated May 9, 1996 from their attorney to the Sikeris' attorney. This letter also states that "[t]he Board . . . while knowing that it has not yet received an application, nor tender of the renewal fee, wanted to give both the Sikeris' and Sandra Ciccarelli (Gaetano) as much lead time as possible to make other arrangements." Thereafter, Angeline and Paul Sikeris submitted to the Birches a check, dated May 31, 1995, in the amount of $ 35.00 as the fee for renewing Sandra Gaetano's lease. The Birches by letter, dated June 5, 1995, from its property manager, informed the Sikeris' that "[i]n anticipation of the request for lease renewal, the Association Board has voted not to approve the renewal of the lease for your tenants."
Evidence presented at the trial of this case establishes further that the Board of Directors at its meeting on June 12, 1996 — after receipt of the Sikeris' lease renewal application fee, and thus their renewal request — again considered and reaffirmed its decision rejecting the renewal of the lease for Mrs. Sandra Gaetano. The Birches did not send notice of this reaffirmation to the unit owners or to the proposed tenant. Angeline and Paul Sikeris argue that the Board of Directors violated section 17(e) of its by-laws by failing after its meeting of June 12, 1996, to provide notice of disapproval of the Sikeris' request for lease renewal. Angeline and Paul Sikeris argue additionally that Mrs. Sandra Gaetano's lease has been approved by default since section 17(e) mandates approval of a lease in cases where, after receipt of an application for renewal, notice of the leasing decision is not provided to the unit owner within five days of the Board meeting at which said decision is made.
The Birches claim that since it gave advance notice of disapproval by its letter, dated May 9, 1995, from its lawyer, and by its letter, dated June 5, 1995, from its property manager, no further notice was required, and that the Sikeris' lease has not been approved by default. The Court agrees.
As stated by Judge Aaronson in Quarello v. City of Meriden,
(No. CV 89-0434582S; J.D. Hartford, Oct. 10, 1990; LOIS, unpublished decisions at p. 3124 ) "the purpose of notice is to furnish those entitled to ... such information that will assist them in protecting their interests." See also Flynn v. FirstNational Bank Trust Co., 131 Conn. 430, 433 (1944). "If, under the circumstances of a given case, the notice is sufficient for its CT Page 5315 intended purpose, it will be regarded a good notice." Delaney v.Waterbury Tramway Co., 91 Conn. 177, 181 (1916).
The court finds that obviously one of the central purposes of the notice provision in this case is to inform the unit owner of the Birches' determination of the qualifications, including the compatibility of the proposed tenant(s). Another essential purpose of the notice provision is to grant the unit owner an opportunity to obtain a different tenant, if the tenant proposed is not acceptable. It is patently clear that the defendants have shown no harm suffered from the plaintiff's giving them early notice by letter of May 9, 1995 of its intention not to renew the Sikeris' lease. Campbell v. New Milford Board of Education,36 Conn. Sup 357 at 372 (1980). Having received such notice prior to the May 31, 1995 expiration of their leasehold, certainly the defendants were provided with important information which could assisted them in protecting their interests by providing them with more time to find alternative tenancies.
Accordingly, the court finds that the purpose of the notice provision in this case has been served. For the foregoing reasons, judgment of possession enters for the plaintiff.[2]
Clarance J. Jones, Judge